**UNITED STATES of America, Plaintiff-Appellant,**

v.

**Catarino MURILLO, Defendant-Appellee.**

**No. 82–1043.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Jan. 3, 1983.

Decided July 6, 1983.

Layn R. Phillips, Asst. U.S. Atty., Los Angeles, Cal., for plaintiff-appellant.

Roger Agajanian, Marilyn Kay Ward, Santa Ana, Cal., for defendant-appellee.

Before SKOPIL, NELSON and CANBY, Circuit Judges.

CANBY, Circuit Judge:

This appeal is one of three spawned by the heroin distribution prosecution of Catarino Murillo. In an unpublished memorandum, Nos. 81–1727 and 82–5304, we affirmed Murillo's conviction and the district court's denial of a motion to intervene filed on behalf of Murillo's minor children. In this appeal the government challenges the district court's order exempting certain property from the jury's special forfeiture verdict under 21 U.S.C. § 848. We reverse.

Prior to 1976, Murillo was a spray painter earning approximately $4.50 per hour. He lived in lower middle income housing and experienced financial difficulties. In 1976, he borrowed money from his relatives and bought the Los Arcos bar for approximately $6,000. Although Murillo's tax returns indicated that the bar was not profitable, (in 1979, he reported a net loss of $27.49) and that his taxable income was declining, his lifestyle improved drastically. By 1979, Murillo had approximately $1,200,000 in Mexican bank accounts and owned several valuable pieces of property in Southern California. He also owned several vehicles and

various other luxury goods. Most of these items were purchased with cash. Murillo's total cash expenditures in the United States during the years 1977–1979 were in excess of $1,000,000.

The government attempted to prove that Murillo financed his new lifestyle by running a heroin distribution network. The government's evidence established that Murillo imported large quantities of heroin from Mexico and supervised its distribution in this country.

On October 14, 1981, following a four-week jury trial, Murillo was convicted of, among other things, supervising a continuing criminal heroin enterprise in violation of 21 U.S.C. § 848. That conviction required the jury to deliberate further regarding the criminal forfeiture of properties purchased by Murillo. *See* 21 U.S.C. § 848(a)(2).[1] On October 15, the jury returned special forfeiture verdicts for all the properties listed in the indictment. These properties included five parcels of real property and four vehicles which the jury found to have been purchased with profits from Murillo's continuing criminal enterprises.

Murillo was sentenced on December 7, 1981. At that time, the district court declined to follow the jury's special forfeiture verdicts as to one of Murillo's houses and one of his cars. The government filed a motion under Rule 35 of the Federal Rules of Criminal Procedure to correct an illegal sentence. It argued that the trial court had no authority to exempt properties forfeited by the jury under 21 U.S.C. § 848. The trial court denied that motion and the government appealed. Our jurisdiction is based on 18 U.S.C. § 3731 (1976). *See*

*United States v. Godoy,* 678 F.2d 84, 87 (9th Cir.1982), *appeal filed* 82–538 (Sept. 27, 1982).

Murillo does not argue that the district court had discretion generally to exempt property from forfeiture. Although the issue is apparently one of first impression under 21 U.S.C. § 848, this court recently held that the district court has no such discretion in a forfeiture pursuant to 18 U.S.C. § 1962 (1976) (RICO). *United States v. Godoy,* 678 F.2d 84 (9th Cir.1982), *appeal filed* 82–538 (Sept. 27, 1982). In *Godoy,* we adopted the Fifth Circuit's rationale in *United States v. L'Hoste,* 609 F.2d 796 (5th Cir.), *cert. denied,* 449 U.S. 833, 101 S.Ct. 104, 66 L.Ed.2d 39 (1980), and held that the RICO forfeiture provision was mandatory.

The language of the two forfeiture provisions, which were enacted by the same Congress, is almost identical. Each plainly requires mandatory forfeiture. Section 848(a)(1) provides that anyone engaged "in a continuing criminal enterprise *shall be sentenced* [to a minimum of ten years] imprisonment, to a fine of not more than $100,000, *and* to the forfeiture prescribed in paragraph (2)." (emphasis added). Section 848(a)(2) repeats the mandatory language of paragraph one. In short, the *L'Hoste* analysis adopted in *Godoy* and applied to forfeitures under 18 U.S.C. § 1963 is equally applicable to forfeitures under 21 U.S.C. § 848. Both provisions are mandatory and leave no discretion in the district court.

Murillo argues that notwithstanding the mandatory nature of § 848, the district court had the power to set aside the jury's verdict pursuant to Rule 29(c) of the Federal Rules of Criminal Procedure. He contends that the trial judge properly exercised

1. 21 U.S.C. § 848(a) provides:

(1) Any person who engages in a continuing criminal enterprise shall be sentenced to a term of imprisonment which may not be less than 10 years and which may be up to life imprisonment, to a fine of not more than $100,000, and to the forfeiture prescribed in paragraph (2); except that if any person engages in such activity after one or more prior convictions of him under this section have become final, he shall be sentenced to a term of imprisonment which may not be less than 20 years and which may be up to life impris-

onment, to a fine of not more than $200,000, and to the forfeiture prescribed in paragraph (2).

(2) Any person who is convicted under paragraph (1) of engaging in a continuing criminal enterprise shall forfeit to the United States—

(A) the profits obtained by him in such enterprise, and

(B) any of his interest in, claim against, or property or contractual rights of any kind affording a source of influence over, such enterprise.

that power to protect the interest of a third party, Antonia Vizcaara, whom Murillo alleges to be the legal title holder to the house in question.

There is nothing in the record even to suggest that the trial court was aware of or concerned with the interests of third parties when it set aside the forfeiture verdict.[2] Nor did it purport to overturn the jury's finding on the basis that there was no evidence to support it. The district judge, acting without the benefit of the decision in *Godoy,* simply exempted the two items from forfeiture in the belief that it was within his discretion to do so.

The district court lacked the power to decline to order the forfeiture of the two properties in question. Insofar, as it failed to order such forfeiture, the district court's judgment was an illegal sentence which should have been corrected pursuant to Rule 35(a) of the Federal Rules of Criminal Procedure. The district court's denial of the Rule 35(a) motion is therefore reversed and the case is remanded for correction of judgment under Rule 35(a).

REVERSED AND REMANDED.

---

**2.** In any event, criminal forfeiture under § 848 operates *in personam* against the convicted defendant. *United States v. Long,* 654 F.2d 911 (3d Cir.1981). The interest of one who received the property from the defendant with knowledge of the government's claim may be adversely affected, however. *Id.* at 916–17.