**UNITED STATES of America**

v.

**James C. RETTALIATA, Appellant.**

**No. 86–3062.**

United States Court of Appeals, District of Columbia Circuit.

Argued Oct. 19, 1987.

Decided Nov. 20, 1987.

Walter S. Booth, Washington, D.C. (Appointed by this Court), for appellant.

Saul M. Pilchen, Asst. U.S. Atty., with whom Joseph E. diGenova, U.S. Atty., Michael W. Farrell, Mary Ellen Abrecht and David S. Eisenberg, Asst. U.S. Attys., Washington, D.C., were on the brief for appellee.

Before: WALD, Chief Judge,
MIKVA and FRIEDMAN,* Circuit
Judges.

Opinion for the Court filed by
Circuit Judge MIKVA.

MIKVA, Circuit Judge:

James Rettaliata appeals his conviction and sentence for conspiracy to defraud the District of Columbia government, claiming that he received ineffective assistance of counsel. Appellant contends that both at trial and at the sentencing hearing he was denied the right to obtain new counsel. We uphold the jury's conviction and the trial court's sentencing of appellant.

On the day of trial, appellant expressed his dissatisfaction with his attorney, prompting the trial court to hold a hearing on the issue. After listening to all the parties involved, the trial court denied appellant's motion to replace his counsel. Appellant now argues that he was prejudiced at trial by the lack of a coherent defense and that this occurred because he and his attorney were not communicating effectively.

Although the sixth amendment's guarantee of the "assistance of counsel" in criminal cases does permit the accused an opportunity to secure counsel of his own choosing, that opportunity is not absolute. *United States v. Burton,* 584 F.2d 485, 489 (D.C.Cir.1978), *cert. denied,* 439 U.S. 1069, 99 S.Ct. 837, 59 L.Ed.2d 34 (1979). "The right to select counsel must be carefully balanced against the public's interest in the orderly administration of justice ... and the court in exercise of a sound discretion may grant or deny motions for continuances." *Id.* at 489–490. The court in *Burton* suggested a number of factors a trial court could consider when determining whether a delay would be reasonable:

> the length of the requested delay; whether other continuances have been requested and granted; the balanced convenience or inconvenience to the litigants' witnesses, counsel, and the court; whether the requested delay is for legitimate reasons, or whether it is dilatory, purposeful, or contrived; whether the defendant contributed to the circumstances which gives [sic] rise to the request for continuance; whether the defendant has other competent counsel prepared to try the case, including the consideration of whether the other counsel was retained as lead or associate counsel; whether denying the continuance will result in identifiable prejudice to defendant's case, and if so, whether this prejudice is of a material or substantial nature; the complexity of the case and other relevant factors which may appear in the context of any particular case.

*Id.* at 490–491.

In the present case, the trial court convened a hearing and permitted appellant to present reasons for his request for new counsel. Additionally, the court heard arguments on whether the case was ready to go to trial from the prosecution, the co-defendant's attorney, and appellant's attorney. The court did not specifically list the

* Of the United States Court of Appeals for the Federal Circuit, sitting by designation pursuant to 28 U.S.C. § 291(a).

factors that it relied upon when weighing appellant's right to counsel of choice against the postponement of trial. Clearly, it would assist a reviewing court if the trial judge were to specify the problems that would result from delay of trial and the other factors that lead to the denial of a motion for new counsel at the pre-trial stage. There is no prescription, however, as to the manner in which the trial judge must proceed to his decision.

■ Sufficient evidence exists in the present case to demonstrate that the trial court's decision was not "an unreasoning and arbitrary 'insistence upon expeditiousness in the face of a justifiable request for delay.'" *Morris v. Slappy*, 461 U.S. 1, 11–12, 103 S.Ct. 1610, 1616, 75 L.Ed.2d 610 (1983) (quoting *Ungar v. Sarafite*, 376 U.S. 575, 589, 84 S.Ct. 841, 849–50, 11 L.Ed.2d 921 (1964)). The case had already been delayed at least twice, once when appellant was found not competent to stand trial. It appears that the judge was aware that the case was a complex one that was ready for trial. A new attorney could have required months to review the hundreds of documents available—including discovery material, grand jury testimony and related statements of the fifteen witnesses called by the government at trial. Furthermore, there was evidence that there had already been scheduling problems with the witnesses, and several had to appear out of order. Given these factors that weighed against postponement, the trial judge did not abuse his discretion in denying appellant's last-minute plea to obtain new counsel.

Appellant also claims that he received ineffective assistance of counsel at sentencing because the trial court denied his attorney's motion to withdraw from that phase of the case. It is settled that defendants are constitutionally entitled to the effective assistance of counsel at sentencing. *United States v. Pinkney*, 551 F.2d 1241 (D.C. Cir.1976). A month after the trial ended, appellant's attorney entered a motion to withdraw to which appellant did not respond. The record suggests that, despite a number of attempts made by appellant's attorney, appellant and his attorney did not have any consultations after the trial ended and prior to the day of sentencing. On the day of sentencing, appellant's attorney stated that he had brought the motion to withdraw to forestall appellant from raising the issue of ineffective assistance of counsel on appeal, but that he was willing to continue representing appellant if the court requested him to do so.

■ The trial judge asked appellant whether he wished to have his attorney continue to represent him. The prosecution contends that appellant clearly stated that he wanted his attorney to continue to represent him. The record indicates that appellant was far from clear in stating his desires. The record does reveal that appellant did not specifically request new counsel at this time. When confronted with an ambiguous record of this nature, it is difficult to evaluate appellant's position at the pivotal sentencing hearing. In part, this difficulty arises because the trial judge's crucial question to appellant appears, at least on the record, to have been a compound question:

> THE COURT: You received a copy of the motion to withdraw as counsel from Mr. Morrissey, did you not?
>
> MR. RETTALIATA: Yes, Your Honor.
>
> THE COURT: What is your response to that? Do you want to permit him to withdraw or to retain him? Do you want to have him speak in your behalf? You'll be allowed to say anything you want to for yourself.
>
> MR. RETTALIATA: Yes, sir, I do.
>
> THE COURT: All right.

Absent any clear indication that appellant requested a new attorney, we defer to the trial judge's understanding of the situation before him, and his conclusion that appellant did not wish to pursue a new attorney for the sentencing proceeding. Nothing in the record suggests that the trial court abused his discretion in assessing the situation in this way.

We have considered all other arguments of appellant and find them meritless. Ap-

pellant's conviction and sentence are affirmed.