UNITED STATES of America

v.

Michael F. FRIEDMAN, Appellant.

No. 87–3088.

United States Court of Appeals,
District of Columbia Circuit.

June 17, 1988.

Michael J. Friedman, pro se.

Jane E. Serene, Sp. Counsel to the Asst. Atty. Gen., Steven Tabackman, Asst. U.S. Atty., and Jay Stephens, Acting U.S. Atty., were on appellee's opposition to the motion for release of assets.

Before WILLIAMS, D.H. GINSBURG and SENTELLE, Circuit Judges.

## ON MOTION FOR RELEASE OF ASSETS

PER CURIAM:

Appellant Michael Friedman, appearing *pro se* and *in forma pauperis*, has moved the court for the release of certain assets. The assets sought by Friedman were ordered by the district court to be forfeited to the United States pursuant to a special verdict returned by the jury that also convicted Friedman of violations of the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. §§ 1961–1968 (1982 and Supp. IV 1986) ("RICO"). Friedman seeks release of a sufficient amount of the forfeited assets to allow him to retain the counsel of his choice to represent him in his appeal from the judgment of conviction. Because Friedman does not have a constitutional right to forfeited assets for the purpose of securing privately retained counsel on appeal, the motion is denied.

### I.

In a 121–count indictment returned on November 5, 1986, Friedman was indicted for, *inter alia*, racketeering, conspiracy, bribery, mail fraud and interstate transportation of property obtained by fraud. The indictment also specified, in separate counts, property in which Friedman had an interest that was alleged to be forfeitable to the United States pursuant to 18 U.S.C.

§ 1963(a) (Supp. IV 1986).[1]

Following a six-week trial, during which Friedman was represented by privately retained counsel, the jury returned verdicts of guilty on fifty-eight of the counts contained in the indictment, including a violation of section 1962. Consequently, the jury returned a special verdict of forfeiture as well.

On September 23, 1987, the district court filed a judgment and commitment order sentencing Friedman to serve two concurrent terms of fifteen to forty-five months in prison. In addition, assets totalling $110,000 were ordered forfeited to the United States.[2]

Subsequently, the district court granted Friedman's motion to release assets to pay certain trial-related expenses, including attorney's fees. The district court concluded that "[p]roperty forfeitable under the Comprehensive Forfeiture Act of 1984, 18 U.S.C. § 1963, which has been contracted for as trial level attorney's fees may be constitutionally restrained only to the extent that the fee transaction was a sham or fraudulent one."

The district court went on to say that where the defendant "has satisfied the court that the transaction was neither a sham nor fraudulent, and that he has insufficient personal assets to otherwise pay for counsel's services, release from forfeiture of amounts sufficient to cover trial level costs is appropriate."[3]

Friedman also moved the district court to release $50,000 to pay for anticipated appellate attorney's fees. The district court denied that request without prejudice, suggesting that Friedman "renew his request before the Court of Appeals for its determination as to the propriety of release of funds for representation on appeal." Friedman has now moved this court for the release of assets to cover anticipated attorney's fees on appeal.

## II.

It is important at the outset to note what Friedman does not allege in support of his motion. He does not challenge the validity of the forfeiture order itself or the amount forfeited.[4] In addition, he does not argue that the statute was intended to exempt fees to be paid to privately retained counsel of choice on appeal. Rather, Friedman relies solely upon the Constitution in arguing for the release of the forfeited assets. Specifically, Friedman contends that the sixth amendment right to counsel and the due process clause of the fifth amendment mandate that assets genuinely to be paid to counsel for attorney's fees on appeal be exempted from forfeiture pursuant to 18 U.S.C. § 1963.

█ Friedman is indeed correct when he asserts that the sixth amendment right to counsel and the due process clause of the fifth amendment vest in the criminal de-

---

1. Section 1963(a) states in part: (a) Whoever violates any provision of section 1962 of this chapter shall be fined not more than $25,000 or imprisoned not more than twenty years, or both, and shall forfeit to the United States, irrespective of any provision of State law—

   (1) any interest the person has acquired or maintained in violation of section 1962;

   (2) any—(A) interest in; (B) security of; (C) claim against; or (D) property or contractual right of any kind affording a source of influence over; any enterprise which the person has established, operated, controlled, conducted, or participated in conduct of, in violation of section 1962; and

   (3) any property constituting, or derived from, any proceeds which the person obtained, directly or indirectly, from racketeering activity or unlawful debt collection in violation of section 1962.

2. 18 U.S.C. § 1963(e) provides in part: (e) Upon conviction of a person under this section, the court shall enter a judgment of forfeiture of the property to the United States and shall also authorize the Attorney General to seize all property ordered forfeited upon such terms and conditions as the court shall deem proper.

3. The United States has not appealed the district court's order. Consequently, the correctness, *vel non,* of the court's post-judgment decision to release certain assets for the payment of trial level attorney's fees is not before us.

4. We are not suggesting that these claims have been waived by not raising them now. If properly raised, Friedman may pursue challenges to the forfeiture in his brief on appeal. We merely note the narrow grounds that are alleged in support of the motion presently before the court.

fendant a limited right to the choice of counsel. In *Powell v. Alabama,* 287 U.S. 45, 53 S.Ct. 55, 77 L.Ed. 158 (1932), the Supreme Court reviewed state convictions in a capital case where the defendants were afforded neither the time nor the opportunity to retain counsel on their own. The Court reversed the convictions on due process grounds, observing that "[i]t is hardly necessary to say that, the right to counsel being conceded, a defendant should be afforded a fair opportunity to secure counsel of his own choice." *Id.* at 53, 53 S.Ct. at 58.

Although *Powell* was decided on due process grounds, a number of the Circuit Courts of Appeal, including this court, have held that the sixth amendment also provides a criminal defendant with a limited opportunity to secure counsel of his own choice. *See, e.g., United States v. Rettaliata,* 833 F.2d 361, 362 (D.C.Cir.1987); *United States v. Wheat,* 813 F.2d 1399, 1401–02 (9th Cir.1987), *aff'd,* — U.S. —, 108 S.Ct. 1692, 100 L.Ed.2d 140 (1988); *United States v. Koblitz,* 803 F.2d 1523, 1527–28 (11th Cir.1986); *Wilson v. Mintzes,* 761 F.2d 275, 279–80 (6th Cir.1985); *Urquhart v. Lockhart,* 726 F.2d 1316, 1319 (8th Cir. 1984); *United States v. Burton,* 584 F.2d 485, 489 (D.C.Cir.1978), *cert. denied,* 439 U.S. 1069, 99 S.Ct. 837, 59 L.Ed.2d 34 (1979); *Gandy v. Alabama,* 569 F.2d 1318, 1323 (5th Cir.1978).

■The constitutional right to choice of counsel, however, is not absolute.[5] One of the express limitations upon the right to choose one's own attorney is that the criminal defendant be "financially able" to retain his counsel of choice. *United States v. Burton,* 584 F.2d at 489. *See also United States v. Wheat,* 813 F.2d at 1401 (criminal defendants who can afford retained

counsel have a qualified right to counsel of their choice); *United States v. Koblitz,* 803 F.2d at 1527, *quoting Linton v. Perini,* 656 F.2d 207, 209 (6th Cir.1981) (sixth amendment provides defendant with opportunity to select his own counsel at his own expense), *cert. denied,* 454 U.S. 1162, 102 S.Ct. 1036, 71 L.Ed.2d 318 (1982); *Wilson v. Mintzes,* 761 F.2d at 279–80 (defendant who is financially able to retain an attorney has qualified right to do so); *Urquhart v. Lockhart,* 726 F.2d at 1319 (accused who is financially able to retain counsel of his choice must not be deprived of a reasonable opportunity to do so).

Thus, it is well settled that a defendant is not denied the right to choice of counsel if he is unable to afford the "best" counsel and must, as a consequence, settle for another, perhaps court-appointed attorney. *See, e.g., Morris v. Slappy,* 461 U.S. 1, 23, 103 S.Ct. 1610, 1622, 75 L.Ed.2d 610 (1983) (Brennan, J. concurring).

■ Friedman is before this court *in forma pauperis.* He seeks the release of assets solely for purposes of retaining counsel to represent him on appeal. Importantly, however, the assets he seeks are no longer his own. The government's title to the assets sought here, in the absence of any competing claim by someone other than Friedman, was clearly established by the judgment of conviction. 18 U.S.C. § 1963(e), (*l*)(7); *United States v. Nichols,* 841 F.2d 1485, 1498 (10th Cir.1988); *United States v. Thier,* 801 F.2d 1463, 1476 (5th Cir.1986) (Rubin, J. concurring); *United States v. Ginsburg,* 773 F.2d 798, 801 (7th Cir.1985), *cert. denied,* 475 U.S. 1011, 106 S.Ct. 1186, 89 L.Ed.2d 302 (1986).[6]

■ Thus, as an indigent, *pro se* appellant, Friedman seeks the release of *govern-*

---

5. We assume, without deciding, that the sixth amendment right to counsel of choice, which we have recognized as applying to choice of trial counsel, applies to a first appeal of right as well. *See Evitts v. Lucey,* 469 U.S. 387, 397, 105 S.Ct. 830, 836, 83 L.Ed.2d 821 (1985) (sixth amendment right to effective assistance of counsel applies to first appeal of right).

6. The "relation back" provision of the statute, found at 18 U.S.C. § 1963(c), provides that "[a]ll

right, title, and interest in property described in subsection (a) vests in the United States upon the commission of the act giving rise to forfeiture under this section." Thus, while the government's interest in the property or proceeds of racketeering activity does not attach until conviction, its interest apparently vests as of the time of the act that constitutes the section 1962 violation. *United States v. Ginsburg,* 773 F.2d at 801.

*ment* funds to finance his choice of counsel on appeal. It is clear that as an indigent, Friedman is entitled to the appointment of counsel on appeal. *Douglas v. California,* 372 U.S. 353, 83 S.Ct. 814, 9 L.Ed.2d 811 (1963). He is not entitled, however, to have the counsel of his choice appointed to represent him, *United States v. Allen,* 789 F.2d 90, 92 (1st Cir.), *cert. denied,* —— U.S. ——, 107 S.Ct. 164, 93 L.Ed.2d 103 (1986); *United States v. Mitchell,* 788 F.2d 1232, 1236 (7th Cir.1986), and he certainly may not dip into the public coffer to retain the best counsel available.

We express no view on those cases where a criminal defendant seeks the release of assets restrained prior to trial pursuant to 18 U.S.C. § 1963(d)(1). In such a case, the government, through the indictment, has established only probable cause to believe that the property has been used in connection with an illegal venture, and as a result, is subject to forfeiture. Those allegations, however, have not as yet been proved. Therefore, in the pretrial context, it is not entirely clear who owns the property.

By contrast, the assets sought in this case were found by a duly constituted petit jury to be forfeitable to the United States following a trial at which Friedman was found guilty "beyond a reasonable doubt." Judgment was entered upon that verdict by the district court and an appeal noted therefrom. The limited constitutional right to the choice of counsel, whatever its pretrial parameters may be, is not so broad as to embrace the idea advanced here, that a convicted criminal appellant has a right to crime-related assets forfeited to the government for purposes of securing counsel on appeal. Accordingly, the motion is denied.