UNITED STATES of America, Appellee,

v.

Lawrence Arnold WEISMAN, Appellant.

No. 87–1680.

United States Court of Appeals,
Eighth Circuit.

Submitted March 15, 1988.

Decided Sept. 23, 1988.
Rehearing and Rehearing En Banc
Denied Nov. 2, 1988.

Theresa L. Levings, Kansas City, Mo.,
for appellant.

Michael A. Jones, Asst. U.S. Atty.,
Springfield, Mo., for appellee.

Before BOWMAN and MAGILL,
Circuit Judges, and WRIGHT,* Senior
Circuit Judge.

BOWMAN, Circuit Judge.

Defendant Lawrence Arnold Weisman
was convicted after trial by jury on one
count of conspiracy to distribute amphet-
amines, four counts of distribution of am-
phetamines and marijuana, and one count
of use of an interstate communication facil-
ity to distribute amphetamines in violation
of 21 U.S.C. § 846, 18 U.S.C. § 2, 21 U.S.C.
§ 841(a)(1), and 21 U.S.C. § 843(b). Weis-
man appeals his convictions. We affirm.

I.

On May 21, 1986, a grand jury indicted
Weisman on the six related drug counts
mentioned above. Two days later, the fed-
eral government began civil forfeiture pro-

* The HONORABLE EUGENE A. WRIGHT, Sen-
ior United States Circuit Judge for the Ninth
Circuit, sitting by designation.

ceedings against Weisman's property pursuant to 21 U.S.C. § 881(a)(6) and (7). He owned three pieces of property, all mortgaged to one or more lienholders. Because of Weisman's indebtedness on this property, the judicial foreclosure sale yielded no surplus to be forfeited to the government.

At the end of May, the District Court[1] scheduled Weisman for a jury trial in July. Weisman had retained David H. Jones as his counsel. Jones filed motions for the psychiatric examination of his client. The District Court granted these motions and postponed the trial until after Weisman's mental competency to stand trial was determined.

While the question of his mental competency was pending, Weisman began filing pro se motions. At a hearing on January 12, 1987, the District Court ruled that Weisman was competent to stand trial. On the same day, Jones filed a motion to withdraw as Weisman's counsel because of irreconcilable strategy differences, and the District Court granted that motion, appointed a federal public defender (FPD) to represent Weisman, and set trial for February 9, 1987. In late January, the FPD filed a motion for a continuance in order to gain additional time for trial preparation. The District Court granted the FPD's motion, and Weisman filed a pro se motion to dismiss his appointed counsel and to be allowed to represent himself.

On February 29, 1987, thirteen days before trial, a hearing was held on Weisman's motion. The District Court warned Weisman about the hazards of proceeding pro se and informed him that he could have the FPD represent him or he could represent himself, but he could not do both. Also, the District Court admonished Weisman that no matter who represented him his trial would commence on March 9, 1987. At the beginning of March, the District Court ruled that Weisman could proceed pro se and denied his motion for a continuance.

After the various continuances described above, the trial began as scheduled on March 9. During the trial, Weisman requested the subpoenaing of forty-five witnesses. After reviewing with Weisman the relevance of each witness's testimony, the District Court granted some of his requests but denied others. At the conclusion of a six-day trial, the jury found Weisman guilty on all six counts. He was sentenced to a prison term of twelve years.

II.

Weisman's first argument is that "the forfeiture proceedings effectively denied [him] his sixth amendment right to counsel of his own choosing ... [and] were so unconscionable as to deprive [him] of fundamental due process." Appellant's Brief at 14–15. In essence, Weisman argues that the civil forfeiture proceedings deprived him of the necessary funds to hire a lawyer of his choice. Certainly "[t]he constitutional right to choice of counsel ... is not absolute." *United States v. Friedman*, 849 F.2d 1488, 1490 (D.C.Cir.1988). Whether forfeiture proceedings may reach funds needed by a criminal defendant to hire counsel of his choosing is a question of first impression for this Court.[2] A split has developed among the circuits that already have dealt with this question. *See United States v. Nichols*, 841 F.2d 1485, 1509 (10th Cir.1988) (defendant's Sixth Amendment right to choice of counsel is not implicated even though his ability to pay legal fees was diminished by forfeiture

---

1. The Honorable Russell G. Clark, United States District Judge for the Western District of Missouri.

2. While this opinion was being prepared for filing, another panel of this Court decided *United States v. Unit No. 7 and Unit No. 8 of Shop in the Grove Condominium*, No. 87–2499 (8th Cir. Aug. 5, 1988). In *Unit No. 7*, the government filed civil forfeiture actions against and then seized certain of the defendant's properties pursuant to 21 U.S.C. § 881. The Court held that the government had violated the defendant's rights under the Due Process Clause of the Fifth Amendment and the Assistance of Counsel Clause of the Sixth Amendment because it had deprived him of the only assets he had with which to hire a lawyer of his choice for his defense, and had done so solely on the strength of a grand jury's allegation and a magistrate's *ex parte* finding of probable cause that the properties were the fruits of illegal drug trafficking.

proceedings); *United States v. Caplin & Drysdale, Chartered (In Re Forfeiture Hearing as to Caplin & Drysdale, Chartered,* 837 F.2d 637, 649 (4th Cir.1988) (same)); *see also United States v. Bailey,* 666 F.Supp. 1275, 1277–78 (E.D.Ark.1987) (one legitimate restriction on defendant's exercise of Sixth Amendment right to choice of counsel is his ability to pay counsel with legally acquired funds); *contra United States v. Monsanto,* 852 F.2d 1400 (2d Cir.1988) (in banc) (per curiam) (pre-trial restraining order on defendant's property is an infringement of defendant's Sixth Amendment right to choice of counsel if it renders the defendant indigent). *Cf. Friedman,* 849 F.2d at 1488 (defendant convicted at trial does not have a constitutional right to assets, forfeited after conviction, to secure counsel for appeal).

■ The resolution of this difficult question can be left for another day, because on the facts of this case, Weisman's constitutional arguments have no merit. As a purely factual matter, it is clear that Weisman's right to counsel of his choice was not infringed by the civil forfeiture proceeding. That is so inasmuch as the property in question was so heavily encumbered that Weisman had no equity in it; thus the property simply was not a source of funds to him. If in fact Weisman lacked funds to retain counsel, it was not because of the civil forfeiture proceedings; his situation would have been the same if those proceedings never had taken place. We therefore reject his claim that the forfeiture proceedings impaired his ability to hire counsel of his choice.

### III.

Weisman contends that the District Court abused its discretion when the court denied his motion for a continuance which would have allowed him more time to prepare his pro se defense for trial. We disagree.

■ District courts have broad discretion in ruling on motions for continuances. *See Morris v. Slappy,* 461 U.S. 1, 11–12, 103 S.Ct. 1610, 1616–17, 75 L.Ed.2d 610 (1983); *see also Ungar v. Sarafite,* 376 U.S. 575,

589, 84 S.Ct. 841, 849, 11 L.Ed.2d 921 (1964). A court of appeals should not overturn a trial court's denial of a continuance unless the trial court clearly has abused its discretion. *United States v. Wolf,* 645 F.2d 665, 667 (8th Cir.1981). Continuances are not favored and should be granted only when a compelling reason has been shown. *Morris,* 461 U.S. at 11, 103 S.Ct. at 1616.

■ Here, although Weisman was represented initially by retained counsel and later by the FPD, he had decided to represent himself weeks in advance of the March 9 trial date, and had ample time to prepare for trial. He already had been granted three continuances and has not shown that he was unable to do anything at trial that he would have been able to do with additional preparation. *See United States v. Campbell,* 609 F.2d 922, 926 (8th Cir.1979), *cert. denied,* 445 U.S. 918, 100 S.Ct. 1282, 63 L.Ed.2d 604 (1980). In these circumstances, it is plain that the District Court did not abuse its discretion in denying Weisman's motion for a continuance.

### IV.

■ Weisman asserts that the trial court erred when it did not appoint advisory counsel to give him back-up assistance while he represented himself at trial. With the benefit of hindsight, Weisman apparently feels that he represented himself inadequately. He may be right, but he will not now be heard to complain about his inadequacies as an advocate. First, Weisman never asked to have advisory counsel appointed. A district court cannot be expected to read the mind of a defendant who has chosen to represent himself. Moreover, it is settled law that a defendant who has elected to proceed pro se cannot later complain of his own ineffectiveness as a ground for reversal. *See Faretta v. California,* 422 U.S. 806, 834–35 n. 46, 95 S.Ct. 2525, 2540–41 n. 46, 45 L.Ed.2d 562 (1975); *see also Powell v. Wyrick,* 744 F.2d 632, 635 (8th Cir.1984), *cert. denied,* 469 U.S. 1223, 105 S.Ct. 1212, 84 L.Ed.2d 354 (1985) (no constitutional infirmity due to self-representation when the defendant has made

an effective waiver to counsel). We note that Weisman does not contend that his election to present his own defense was not made knowingly and intelligently. We hold that the District Court did not err in failing to appoint advisory counsel.

## V.

 Finally, Weisman claims that the District Court violated his Sixth Amendment right to compulsory process by refusing to subpoena certain witnesses. In order to establish this claim, he must make a plausible showing that the testimony of these witnesses would have been both material and favorable to his defense. *United States v. Valenzuela–Bernal,* 458 U.S. 858, 867, 102 S.Ct. 3440, 3446, 73 L.Ed.2d 1193 (1982). Our standard of review is whether the district court abused its discretion in denying the defendant's request for compulsory process to obtain the presence of witnesses, and this Court will not overturn the district court's ruling unless the facts show that that ruling jeopardized the defendant's right to a complete, adequate, and fair trial. *United States v. LeAmous,* 754 F.2d 795, 798 (8th Cir.), *cert. denied,* 471 U.S. 1139, 105 S.Ct. 2684, 86 L.Ed.2d 701 (1985).

Weisman requested the subpoenaing of forty-five witnesses. After careful review of the expected testimony of each witness, the District Court issued an order granting that request as to thirteen of the requested witnesses. Weisman claims that the District Court abused its discretion by refusing to subpoena the two "key" witnesses for his entrapment defense. When asked what the testimony of the two witnesses would be, Weisman stated only that they knew the informant, had sold drugs with the informant, and, without being more specific, were important to prove his entrapment defense. During the course of the trial, the fact that the informant used and dealt in drugs was testified to by a government agent, by the informant's ex-wife, and by Weisman himself. The record sufficiently supports the District Court's denial of Weisman's request for subpoenaing the two witnesses, because their testi-mony would have been repetitive and cumulative. *See United States v. Gilliss,* 645 F.2d 1269, 1279 (8th Cir.1981). We are satisfied that the absence of the two witnesses did not jeopardize Weisman's right to a complete, adequate, and fair trial. *See United States v. Holtzen,* 718 F.2d 876, 878 (8th Cir.1983) (per curiam). We therefore hold that the District Court did not abuse its discretion in subpoenaing some, but less than all, of the witnesses requested by Weisman.

The judgment of the District Court is AFFIRMED.