**UNITED STATES of America**

v.

**Ferris J. ALEXANDER.**

**Crim. No. 4–89–85.**

United States District Court,
D. Minnesota,
Fourth Division.

June 1, 1990.

Jerome Arnold, Paul W. Murphy and Mary E. Carlson, Minneapolis, Minn., for U.S.

Robert F. Smith, Universal City, Cal., and Deborah Ellis, St. Paul, Minn., for defendant Ferris J. Alexander.

ORDER

ROSENBAUM, District Judge.

On May 23, 1990, a federal jury returned a verdict finding Ferris J. Alexander guilty on 25 counts of a 41 count indictment. Included among the counts upon which guilty verdicts were entered were three counts of RICO offenses, 18 U.S.C. § 1962(a), (c), and (d). On May 25, 1990, the same jury found that certain properties which were used by Ferris J. Alexander to establish, operate, control, conduct, and participate in the conduct of the RICO enterprise afforded him a source of influence over the enterprise in violation of 18 U.S.C. § 1963(a)(2).

This matter is now before the Court upon the government's presentence request for an order and judgment of forfeiture pursuant to 18 U.S.C. § 1963. The government seeks forfeiture of all assets determined to be part of the RICO enterprise by the jury's second verdict.

On May 25, 1990, the Court ordered that the assets be preserved for forfeiture by permitting the Attorney General to seize the assets immediately. The Court, at the same time, recognized that there existed a possibility that such a seizure may effect a prior restraint on the dissemination of materials which are protected by the first amendment to the United States Constitution. By order, dated May 26, 1990, the Court directed defendant to submit a plan to continue operating the business assets without jeopardizing the government's interest. The government has made clear its intention to disassociate itself from any such plan. The government continues to seek immediate forfeiture.

■ The Court has considered the plans proposed by the defendant, the briefs and submissions of the parties, and the arguments of counsel. The Court concludes forfeiture may not take place until a judgment of conviction is entered and sentence imposed.

The Court's decision is well founded in law and practice. The language of Title 18, Section 1963(e), provides, in relevant part,

Upon conviction of a person under this section, the court shall enter a judgment of forfeiture of the property to the United States and shall also authorize the Attorney General to seize all property ordered forfeited upon such terms and conditions as the court shall deem proper.

18 U.S.C. § 1963(e). Section 1963(a)—the section upon which the government specifically relied to seek this forfeiture—suggests the judgment of forfeiture should be entered at the time of sentencing. That section provides,

The court, *in imposing sentence on such person shall order*, in addition to any other sentence *imposed pursuant to this section*, that the person forfeit to the United States all property described in this subsection.

18 U.S.C. § 1963(a) (emphasis added). The Court reads these sections to indicate that a separate order of forfeiture must be entered following conviction, presumably at the time of sentencing.

▮▮▮ The Court is mindful of RICO's unique structure and purpose. The statute is different from all other forfeiture and federal statutes in scope and procedural requirements. *See United States v. Conner*, 752 F.2d 566, 576 (11th Cir.), *cert. denied*, 474 U.S. 821, 106 S.Ct. 72, 88 L.Ed.2d 59 (1985); *United States v. Veon*, 538 F.Supp. 237, 242 (E.D.Cal.1982). The forfeiture provisions of RICO are mandatory, leaving the Court no discretion as to their ultimate implementation. *See United States v. Murillo*, 709 F.2d 1298, 1300 (9th Cir.1983); *United States v. Godoy*, 678 F.2d 84, 88 (9th Cir.1982), *cert. denied*, 464 U.S. 959, 104 S.Ct. 390, 78 L.Ed.2d 334 (1983). The forfeiture sanctions, furthermore, are *in personam*, rather than *in rem*, thereby punishing the individual rather than the property. *United States v. Ginsburg*, 773 F.2d 798, 801 (7th Cir.1985), *cert. denied*, 475 U.S. 1011, 106 S.Ct. 1186, 89 L.Ed.2d 302 (1986); *Conner*, 752 F.2d at 576; *United States v. Cauble*, 706 F.2d 1322, 1349 (5th Cir.1983), *cert. denied*, 465 U.S. 1005, 104 S.Ct. 996, 79 L.Ed.2d 229 (1984).

The government's concern regarding its proprietary interest is well taken. There is no question the government's interest is guaranteed even before the entry of a guilty verdict. Section 1963(c) specifically provides "[a]ll right, title, and interest in property described in subsection (a) vests in the United States upon the commission of the act giving rise to forfeiture under this section." 18 U.S.C. § 1963(c). *See Ginsburg*, 773 F.2d at 801.

Yet, the forfeiture of the property is subject to a specific procedure outlined by the Congress. Specifically, Rule 32(b), Federal Rules of Criminal Procedure (Fed. R.Crim.P.), must be read in conjunction with the provisions of Section 1963. *See Conner*, 752 F.2d at 577. Rule 32(b) was promulgated in order "to provide procedural implementation of the recently enacted criminal forfeiture provisions of the Organized Crime Control Act of 1970, Title IX, § 1963." Rule 32(b), Fed.R.Crim.P., Advisory Committee Notes on 1972 Amendments. The first subsection of Rule 32(b) provides,

A judgment of conviction shall set forth ... the verdict ... and the adjudication and sentence.... The judgment shall be signed by the judge and entered by the clerk.

Rule 32(b)(1), Fed.R.Crim.P. Rule 32 provides further direction if the sentence includes forfeiture. The second subsection of Rule 32(b) provides,

When a verdict contains a finding of property subject to a criminal forfeiture, *the judgment of criminal forfeiture* shall authorize the Attorney General to seize the interest or property subject to forfeiture, fixing such terms and conditions as the court shall deem proper.

Rule 32(b)(2), Fed.R.Crim.P. (emphasis added). There can be little doubt Rule 32, therefore, contemplates forfeiture as part of the judgment of sentence in addition to any other sentence which may be imposed. Rule 32 is void of language mandating an order of forfeiture immediately upon a jury's verdict. Rather, Rule 32 echoes the directions of Section 1963(a), which contemplate an order of forfeiture at the time of sentencing.

A review of RICO convictions reveals the general practice is, in fact, imposition of forfeiture at the time of sentencing. *See United States v. Friedman,* 849 F.2d 1488, 1489 (D.C.Cir.1988); *United States v. Horak,* 833 F.2d 1235, 1238 (7th Cir.1987); *United States v. Robilotto,* 828 F.2d 940, 942 (2d Cir.1987), *cert. denied,* 484 U.S. 1011, 108 S.Ct. 711, 98 L.Ed.2d 662 (1988); *Ginsburg,* 773 F.2d at 799; *United States v. Sheeran,* 699 F.2d 112, 116 (3d Cir.), *cert. denied,* 461 U.S. 931, 103 S.Ct. 2095, 77 L.Ed.2d 304 (1983); *Godoy,* 678 F.2d at 85. Implementation of forfeiture in a sentencing order is also consistent with the general sentencing procedure pursuant to other criminal statutes contemplating forfeiture. *See e.g. United States v. Seifuddin,* 820 F.2d 1074, 1079 (9th Cir.1987) (18 U.S.C. § 3611); *United States v. Sandini,* 816 F.2d 869, 873 (3d Cir.1987) (21 U.S.C. §§ 848 and 853); *Ivers v. United States,* 581 F.2d 1362, 1367 (9th Cir.1978) (19 U.S.C. §§ 1602–04).

The Court reiterates the prior restraint concerns regarding the imposition of an immediate forfeiture. The Supreme Court has held specifically that if "the object ... is not punishment, in the ordinary sense, but suppression of the offending [material] in the future," then speech has been subject to a prior restraint. *Near v. Minnesota,* 283 U.S. 697, 711, 51 S.Ct. 625, 629, 75 L.Ed. 1357 (1931). Punishment in this matter will be imposed at the time of sentencing, thereby dissolving defendant's prior restraint concern. Until that moment, however, punishment has not been imposed and the possibility of a prior restraint is real.

The Court is confident the government's interest in the forfeitable property may be preserved by the Post–Indictment Restraining Order entered on May 30, 1989. Until recently, the government appeared to find the restraining order—an order it drafted—fully sufficient. The order clearly provides the government with extensive monitoring powers. The defendant has been fully apprised of the consequences of non-compliance. If violations of the restraining order have, in fact, taken place, those violations have not been brought to the attention of the Court. The government has suggested the absence of complaint regarding defendant's compliance (or lack thereof) is a reflection of its conservative enforcement of the restraining order in the face of first amendment concerns. Those concerns are appropriate, and they apply equally to the present state of affairs. Be that as it may, the government may seek to enforce the restraining order—which the Court found consistent with the first amendment by order dated January 19, 1990—to its full extent between now and the date of sentencing.[1]

Upon these bases, the Court determines, first, that forfeiture of the RICO properties may not be granted prior to sentencing; and, second, that its orders of May 25 and 26, 1990, are vacated. As a result of the vacation of the May 25 and 26, 1990, orders, this Court's previous Post–Indictment Restraining Order, dated May 30, 1989, is re-instated subject to the following amendments:

1. The Post–Indictment Restraining Order of May 30, 1989, is in effect as to the property earlier specified and to each of the businesses and entities identified in Exhibit A, attached hereto.

2. The bookstores, warehouses, and video rental facilities, identified in Exhibit A may be operated up to ten hours per day, which hours shall be provided, in writing, to the United States Attorney for the District of Minnesota.

3. The defendant or one on his behalf shall file a bond, or deposit cash, with the Clerk of the United States District Court in the amount of $50,000 prior to the re-opening of any of the businesses. This bond or cash shall secure the United States of America against the waste or dissipation of the assets described in Exhibit A.

4. This order is in effect as of the date hereof, but the same is stayed by order of

---

**1.** The Court reiterates that forfeiture is mandatory pursuant to 18 U.S.C. § 1963. Yet, the Court retains discretion to determine the "time and place that the property declared forfeited is to be seized by the Attorney General." *United States v. L'Hoste,* 609 F.2d 796, 811 (5th Cir.), *cert. denied,* 449 U.S. 833, 101 S.Ct. 104, 66 L.Ed.2d 39 (1980).

this Court to and until Monday, June 4, 1990, at 12:00 noon.

### EXHIBIT A

Adult Entertainment Center
416–420 Hennepin Avenue
Minneapolis, MN

American Empress Theater and Bookstore
614–616 Hennepin Avenue
Minneapolis, MN

AB Distributors Company
311–315 East Lake Street
Minneapolis, MN

Chicago–Lake Bookstore
739–743 East Lake Street
Minneapolis, MN

Nicola Bookstore
2936–2938 Lyndale Avenue South
Minneapolis, MN

Joey's Adult Bookstore
315 South Broadway
Rochester, MN

Broadway Book II
319–323 South Broadway
Rochester, MN

Broadway Book I
324–328½ South Broadway
Rochester, MN

Video Hits
216 East Third Street
Winona, MN

Ultimate Bookstore
227 East Third Street
Winona, MN

Wabasha Adult Bookstore
13–15 East Superior Street
Duluth, MN

The Flick
621–623 University Avenue West
St. Paul, MN

Street Bookstore
341–347 East Lake Street Lake
Minneapolis, MN

East Hennepin Bookstore
(The Odd Follows)
401–401½ Hennepin Avenue East
Minneapolis, MN

Northern Hotel
10–12 West First Street
Duluth, MN

The Newspaper Club

Kenneth LaLonde Enterprises

LeRoy Wendling

The Superior Street Company

J. Thomas Company

John Thomas Company

Express Entertainment

The American Book Wholesalers

United States Video

U.S. Video

United States Video Distributors

Baker Investments

American Book Wholesalers

A.B. Video

A & B Distributors

Bell Investments

American Theater Supply Company

Video Hits

AB Distributing

Magazine and Book Agency