56 F.3d 69
NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that no party may cite an opinion not intended for publication unless the cases are related by identity between the parties or the causes of action.
 UNITED STATES of America, Appellee,
v.
Rufus D. SHANNON, Jr., also known as Mark Chambers, Appellant.
 No. 94-3739.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: May 11, 1995.
Filed: May 19, 1995.
 
 Before LOKEN, HANSEN, and MURPHY, Circuit Judges.
 PER CURIAM.
 
 
 1
 Rufus Shannon, Jr., appeals his conviction and sentence. For reversal Shannon argues, inter alia, that the district court[1] erred by denying his motions for withdrawal of his guilty plea and for a sentencing continuance, and by relying on hearsay evidence at his sentencing hearing in violation of his rights to due process and confrontation. For the reasons set forth below, we affirm.
 
 
 2
 On the morning of his March 1994 trial, Shannon entered into a plea agreement under which he would plead guilty to possessing with intent to distribute cocaine and money laundering, in violation of 21 U.S.C. Sec. 841 and 18 U.S.C. Sec. 1956(a)(1)(B)(i), respectively. The district court accepted his guilty plea after Shannon indicated that he understood the alleged offenses and the rights he was waiving, and that he was not suffering from a mental illness, taking any medication, being coerced, or experiencing dissatisfaction with appointed counsel; and after the court determined a factual basis for the plea.
 
 
 3
 In June 1994, Shannon's appointed counsel moved to withdraw and new counsel was appointed. After two additional continuances, the sentencing hearing was scheduled for August 1994.
 
 
 4
 At the August hearing, Shannon again moved for a continuance; the district court denied the motion after determining the parties had had sufficient time to prepare for the hearing. On the government's behalf, a special agent of the Internal Revenue Service testified about the statements made to him by Shannon's co- conspirators and the findings of the investigation. The district court overruled Shannon's objections to the testimony on the basis of hearsay and lack of confrontation.
 
 
 5
 At the hearing, Shannon also moved to withdraw his guilty plea on the grounds that he was innocent, he had been coerced to plead guilty and was under the influence of psychotropic medication when he entered his plea, and his original counsel had been ineffective. After noting that at the plea hearing, Shannon had confessed his guilt, had answered all the court's questions in such a way as to warrant accepting the plea, and had indicated he had no problems with his counsel, the district court denied the motion and sentenced Shannon to concurrent 120-month prison terms followed by concurrent five-year and three-year terms of supervised release, and assessed a $2,400 fine.
 
 
 6
 A presentence motion to withdraw a guilty plea may be granted upon a showing by the defendant of any fair and just reason. Fed. R. Crim. P. 32(e). "The burden of establishing a fair and just reason is on the defendant," and we review for an abuse of discretion. United States v. Thompson, 906 F.2d 1292, 1298 (8th Cir.), cert. denied, 498 U.S. 989 (1990). After reviewing the transcript of Shannon's guilty-plea hearing, we conclude the district court did not abuse its discretion in denying his motion because Shannon knowingly, intelligently, and voluntarily pleaded guilty, and he did not show a "fair and just reason" for withdrawing his plea. See United States v. Newson, 46 F.3d 730, 733 (8th Cir. 1995) (defendant's failure to assert any objections to his counsel's performance at plea hearing " 'refutes any claim of ineffective assistance of counsel as a basis for withdrawing his plea' ") (quoted case omitted); United States v. Vaughan, 13 F.3d 1186, 1187 (8th Cir.) (where defendant was lucid and articulate at plea hearing and stated he was not under any influence that would make it difficult for him to understand plea, court did not err in finding guilty plea knowing and intelligent), cert. denied, 114 S. Ct. 1858 (1994).
 
 
 7
 We will not overturn a trial court's denial of a continuance unless the trial court has clearly abused its discretion. United States v. Weisman, 858 F.2d 389, 391 (8th Cir. 1988), cert denied, 489 U.S. 1071 (1989). Because sentencing had already been rescheduled and Shannon had several months to prepare for the sentencing hearing, we find the district court did not abuse its discretion by denying his motion for another continuance.
 
 
 8
 We have repeatedly stated that the Confrontation Clause is not applicable in the sentencing phase. See United States v. Hammer, 3 F.3d 266, 272 (8th Cir. 1993), cert. denied, 114 S. Ct. 1121 (1994); United States v. Wise, 976 F.2d 393, 400-01 (8th Cir. 1992) (en banc), cert. denied, 113 S. Ct. 1592 (1993). It is within the sound discretion of the district court to determine whether relevant hearsay testimony provided at sentencing has sufficient indicia of reliability to support its probable accuracy. United States v. Cassidy, 6 F.3d 554, 557 (8th Cir. 1993). Because the agent's testimony was consistent with the facts set forth in the plea agreement, we conclude the district court did not abuse its discretion in admitting the hearsay statements.
 
 
 9
 We will not consider Shannon's ineffective-assistance claim, which should be raised in a 28 U.S.C. Sec. 2255 proceeding where the record can be appropriately developed. See United States v. Thomas, 992 F.2d 201, 204 (8th Cir. 1993). We reject as meritless Shannon's conclusory claim of judicial bias. We likewise reject his claim that the district court erred by overruling his objections to the presentence report, because he has failed to identify any specific error or provide support for this claim. See Jasperson v. Purolator Courier Corp., 765 F.2d 736, 740 (8th Cir. 1985). We grant his motions to supplement the record.
 
 
 10
 Accordingly, the judgment is affirmed.
 
 
 
 [1]
 The Honorable Jean C. Hamilton, United States District Judge for the Eastern District of Missouri