107 F.3d 924
 323 U.S.App.D.C. 291
 NOTICE: D.C. Circuit Local Rule 11(c) states that unpublished orders, judgments, and explanatory memoranda may not be cited as precedents, but counsel may refer to unpublished dispositions when the binding or preclusive effect of the disposition, rather than its quality as precedent, is relevant.
UNITED STATES of America, Appellee,
v.
Eulises TURCIOS, Appellant,
 No. 94-3162.
 United States Court of Appeals, District of Columbia Circuit.
 Oct. 25, 1996.
 
 Before SILBERMAN, GINSBURG, and ROGERS, Circuit Judges.
 JUDGMENT
 PER CURIAM.
 
 
 1
 This appeal was considered on the record from the United States District Court for the District of Columbia and the briefs and arguments of counsel. The court is satisfied that appropriate disposition of this case does not call for further opinion. See D.C.Cir.Rule 36(b).
 
 
 2
 The appellant brought this appeal to challenge his convictions for drug offenses as well as an order denying his motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 for ineffective assistance of counsel.
 
 
 3
 The appellant first contends that the district court committed reversible error by failing to provide him with a certified interpreter and by denying the motion of a Spanish-speaking attorney to substitute as the appellant's counsel. Both of these arguments are without merit.
 
 
 4
 The district court did not err in failing to appoint an interpreter. The appellant told the court on two separate occasions before trial that he understood English; the court offered to provide him with an interpreter, but he never requested one; the court granted the appellant's request for an interpreter for his witnesses; and the appellant has failed to show that the absence of court-appointed interpreter prejudiced his case. Under these circumstances, we find that the district court's failure to appoint an interpreter was not plain error.
 
 
 5
 The district court's decision to deny the motion for substitution of counsel was not an abuse of discretion. A defendant's right to have the counsel of his choice "is not absolute." United States v. Rettaliata, 833 F.2d 361, 362 (D.C.Cir.1987). Instead, " '[t]he right to select counsel must be carefully balanced against the public's interest in the orderly administration of justice.' " Id. (quoting United States v. Burton, 584 F.2d 485, 489 (D.C.Cir.1978)). Here the motion to substitute counsel was made on the eve of trial, and the counsel the appellant requested would not be available to begin trial in this case for anywhere from eight weeks to four months.
 
 
 6
 The appellant also claims he was denied his Sixth Amendment right to the effective assistance of counsel because his attorney failed to make a motion to suppress, failed to insist upon an interpreter, and allegedly "bungled" the examination of a key defense witness. These arguments are also without merit. In order to prevail on an ineffective assistance of counsel claim, the appellant must prove both that (1) his counsel's performance fell below "the range of competence demanded of attorneys in criminal cases," and that (2) there is "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland v. Washington, 466 U.S. 668, 694 (1984); United States v. Graham, 91 F.3d 213, 218 (D.C.Cir.1996). The appellant has failed to demonstrate that he would not have been convicted but for his counsel's alleged errors. The appellant would not have prevailed on a motion to suppress because the police had a reasonable and articulable suspicion when they stopped him, and the appellant consented to the subsequent search of his person. The appellant also failed to demonstrate that his attorney's failure to request a court-appointed interpreter affected the outcome of the trial. Finally, the appellant has failed to prove that he would not have been convicted if only his counsel had not "bungled" the testimony of a key defense witness. The district court promptly and clearly instructed the jury to ignore the testimony of this witness. If any party was prejudiced by the brief testimony of this witness it was the Government.
 
 Therefore, it is
 
 7
 ORDERED and ADJUDGED that the judgment from which this appeal has been taken be AFFIRMED.
 
 
 8
 The Clerk is directed to withhold issuance of the mandate herein until seven days after disposition of any timely petition for rehearing. See D.C.Cir.Rule 41(a)(2). This instruction to the Clerk is without prejudice to the right of any party at any time to move for expedited issuance of the mandate for good cause shown.