**UNITED STATES of America, Appellee,**

v.

**Larry J. YOUNG, Appellant.**

**No. 90-5532.**

United States Court of Appeals, Eighth Circuit.

Submitted May 17, 1991.

Decided Aug. 27, 1991.

Rehearing Denied Oct. 10, 1991.

Thomas Disselhorst, Bismarck, N.D., for appellant.

Cameron Hayden, Bismarck, N.D., for appellee.

Before FAGG, WOLLMAN and MAGILL, Circuit Judges.

WOLLMAN, Circuit Judge.

A jury convicted Larry J. Young, a North Dakota farmer, of filing six false income tax returns that claimed refunds for taxes paid on fuel used in farming operations. Young appeals from the judgment against him, his sentence, and the denial of several post-trial motions. We affirm.

I.

Farmers are entitled to a tax credit on the gas and diesel fuel used in farm implements as reimbursement for the highway excise tax that they paid at the pump. To receive the credit, a farmer simply reports non-highway fuel use on a form attached to his tax return and is not required to furnish receipts.

On his income tax returns for the years 1985, 1986, and 1987, Young substantially overstated the amount of the tax credit he had earned by reporting fuel consumption of some 114,000 gallons during those years. Young also filed returns for the same years for fuel tax credits in the name of Larry S. Young, a fictitious name, using his nephew Carl Edwin Young's social security number. Young was ultimately charged with submitting false claims in violation of 18 U.S.C. § 287.

At Young's initial appearance, in March 1990, the magistrate judge advised Young to hire an attorney or to request an appointed attorney as soon as possible. Young still had not hired an attorney at the time of his arraignment in April 1990, and the magistrate judge granted his motion for a 60 day continuance so he could continue to search for an attorney that he found acceptable. Trial was scheduled to begin Monday, June 25, 1990. On June 19, Young requested another continuance. The magistrate judge reserved ruling on the June 19 motion until June 21. On June 20, Young filed his third motion for continuance, stating that he might have found an attorney to represent him. Young failed to appear at his scheduled appointment with counsel and did not retain him until Friday, June 22.

The district court[1] denied Young's second and third motions for continuance on Thursday, June 21. Late on Friday afternoon, June 23, counsel filed a fourth motion for continuance, which the district court denied. On the morning of trial, the district court refused to reconsider its denial in light of the fact that Young had had two months to find an attorney, had contacted about a dozen attorneys, and had failed to retain counsel in a timely manner. The district court reasoned that the disruption to the court, the jury, and the 25 prosecution witnesses to be called in the case (some of whom had already arrived from out of state) necessitated that the trial proceed as scheduled.

At trial, the United States used five methods of proof to demonstrate that the claims were false. Without detailing these several methods or recounting the evidence, we note that the government's proof of Young's guilt was powerful, if indeed not overwhelming.

The district court sentenced Young to fifteen months' imprisonment, ordered him to make restitution to the government, and imposed a two-year period of supervised release.

## II.

Young argues that the district court's failure to grant his motions for continuance deprived him of his right to effective counsel and due process.

We will not overturn a trial court's denial of a continuance "unless the trial court clearly has abused its discretion," because "[c]ontinuances are not favored and should be granted only when a compelling reason has been shown." *United States v. Weisman,* 858 F.2d 389, 391 (8th Cir.1988), *cert. denied,* 489 U.S. 1071, 109 S.Ct. 1353, 103 L.Ed.2d 820 (1989) (citing *Morris v. Slappy,* 461 U.S. 1, 11–12, 103 S.Ct. 1610, 1616–17, 75 L.Ed.2d 610 (1983)).

The district court examined the factors we articulated in *United States v. Ware,* 890 F.2d 1008, 1010 (8th Cir.1989), by looking at the time required and already permitted for trial preparation, Young's diligence, the conduct of the United States, the effect of the delay, and the reasons Young gave for needing the continuance.

Our review of the record satisfies us that the district court did not abuse its discretion is denying the motions for continuance. Young was advised early on to seek the assistance of counsel and was given a substantial continuance the following month to complete that task. It appears to us that his failure to secure counsel until the eve of trial was occasioned more by his desire to secure an attorney that shared his views regarding the government than by any difficulty in obtaining counsel who would have been competent to represent him in this case. As it turned out, Young did secure the services of a highly experienced criminal defense lawyer. All things considered, then, we conclude that the denial of a continuance did not constitute a clear abuse of discretion on the part of the district court.

Likewise, we conclude that Young's arguments that the government failed to

---

1. The Honorable Patrick A. Conmy, Chief Judge, United States District Court for the District of North Dakota.

prove its case and failed to disclose exculpatory evidence are without merit.

Young appeals from the denial of his post-trial motions for new trial, "to vacate verdict," for release pending appeal, and to stay his sentence, and his motions to vacate his sentence under 28 U.S.C. § 2255. We agree with the district court that Young's motions presented no basis for a new trial or for the other relief prayed for.

Finally, Young contends that his sentence was incorrectly calculated under the Guidelines. We disagree. The district court appropriately sentenced Young on the basis that Young was responsible for the government's loss of $54,000, a finding of fact that is not clearly erroneous.

The judgment and sentence are affirmed, as is the district court's order denying the two motions to vacate sentence filed pursuant to 28 U.S.C. § 2255.