In re Jimmie Lee JOHNSTON; Ferol Johnston, Debtors.

Jimmie Lee JOHNSTON; Ferol Johnston, Appellants,

v.

Greg K. WEBSTER, Chapter 11 Trustee, Appellee.

No. 93–16497.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Dec. 16, 1994.

Decided March 2, 1995.

Edward B. Simpson, Simpson & Gigounas, San Francisco, CA, for appellants.

Thomas R. Phinney, Flaherty & Serlin, Sacramento, CA, for appellee.

Before: TANG, REINHARDT and RYMER, Circuit Judges.

RYMER, Circuit Judge:

Chapter 11 debtors Jimmie Lee and Ferol Johnston appeal the decision of the Bankruptcy Appellate Panel affirming the bankruptcy court's order authorizing the Chapter 11 Trustee to abandon a large residential property known as El Granada. The Johnstons argue that abandonment was improper because El Granada was subject to imminent foreclosure and because the intent of the abandonment was to shift the resulting taxable gain from the bankruptcy estate to the Johnstons. We hold that property which is of inconsequential value and benefit to the estate may be abandoned under § 554(a) of the Bankruptcy Code, 11 U.S.C. § 554(a), whether or not it shifts tax consequences to the debtor. We have jurisdiction, 28 U.S.C. § 158(d), and we affirm.

I

The Johnstons filed a Chapter 11 petition in November, 1989. The principal asset of the estate was El Granada, a 497–acre parcel in Half Moon Bay containing a 24,000 square foot residence. The value of El Granada was estimated at $16 to $17 million when the petition was filed. However, the property was encumbered by a number of security interests, including a first deed of trust in favor of Imperial Federal Savings Association in the amount of about $5.8 million.[1]

Greg Webster was appointed Chapter 11 Trustee in October 1990. His principal task was to sell El Granada in order to generate cash with which to satisfy creditors' claims. In order to fund the continued operation of the estate and sales efforts, the Trustee borrowed $525,000 from Stermer, Blount and Company. This loan was secured by a priming lien against El Granada.

The Trustee's attempts to sell El Granada, efforts the Johnstons criticize as inadequate, proved fruitless. Imperial obtained relief from the automatic stay in August 1992, and recorded a notice of sale against El Granada. The Trustee had the property reappraised and determined that the price El Granada would fetch on the open market would not cover the funds required to pay off the encumbrances (now including the bank loan obtained to finance the sale of the property) and pay taxes, closing costs and brokers' commissions. However, the estate's tax basis in El Granada was such that the Trustee determined that a sale would generate an estimated $2 million in taxable gain.

In October 1992, the Trustee noticed a motion for abandonment pursuant to 11 U.S.C. § 554(a), asserting that El Granada was of inconsequential value and benefit, and was burdensome, to the estate because impending foreclosure and sale by Imperial would generate "a taxable event with substantial adverse tax consequences to the estate." After a hearing, the bankruptcy court on November 9, 1992, granted the Trustee's motion and denied the Johnston's motion for a stay pending appeal. The Johnstons did not appeal the denial of the stay. El Granada was abandoned to the Johnstons immediately prior to foreclosure by Imperial. Imperial foreclosed upon El Granada and purchased it at the resulting sale on November 30, 1992.

The Johnstons appealed the bankruptcy court's order of abandonment to the Ninth Circuit Bankruptcy Appellate Panel, and the BAP affirmed. The BAP held that § 554(a) requires no more than that the Trustee show that the property he seeks to abandon is of inconsequential value and benefit to the estate, or that it is burdensome to the estate, and further held that the Trustee had met that burden. It concluded that the tax consequences to the debtor of an abandonment are not relevant considerations to the question of abandoning property.

1. Imperial's deed of trust was subsequently assigned to the Resolution Trust Corporation.

## II

■ We review decisions of the BAP de novo. *In re Johnston,* 21 F.3d 323, 326 (9th Cir.1994). Both this court and the BAP review the bankruptcy court's conclusions of law de novo and its finding of facts under the clearly erroneous standard. *Id.* Once a bankruptcy court has determined that the factual predicates for abandonment under 11 U.S.C. § 554(a) are present, the court's decision to authorize or deny abandonment is reviewed for abuse of discretion. *In re K.C. Machine & Tool Co.,* 816 F.2d 238, 244 (6th Cir.1987).

## III

■ The Johnstons urge us to adopt the rationale of *In re A.J. Lane & Co., Inc.,* 133 B.R. 264 (Bankr.D.Mass.1991), that tax consequences cannot be shifted to another on property already subject to a sales transaction under *Commissioner v. Court Holding Co.,* 324 U.S. 331, 65 S.Ct. 707, 89 L.Ed. 981 (1945), that abandonment is a taxable event to the Trustee based on 26 U.S.C. §§ 1398(f)(2) and (i), and that abandonment that shifts tax consequences runs afoul of the "fresh start" policy animating the Bankruptcy Code. We decline to do so.

The Trustee's power to abandon property from a bankruptcy estate is codified at 11 U.S.C. § 554(a):

> After notice and a hearing, the trustee may abandon any property of the estate that is burdensome to the estate or that is of inconsequential value and benefit to the estate.

On its face, § 554(a) permits abandonment upon a showing that property is either of inconsequential value and benefit to the estate or burdensome to the estate. *K.C. Machine & Tool,* 816 F.2d at 245 (discussing identical language in § 554(b)). The Johnstons made no showing in the bankruptcy court, and do not argue now, that the property was not of inconsequential value and benefit to the estate. It is, therefore, not necessary for us to decide whether it is ever appropriate for a bankruptcy court to consider tax consequences in determining if property is "burdensome" to the estate. Rather, we are only concerned with whether abandonment of property that is of inconsequential value and benefit to the estate is proper without regard to tax consequences to the debtor. We agree with the BAP that abandonment under § 554(a) is not conditioned on the presence or absence of tax shifting consequences.

*Lane* does not persuade us to the contrary. In *Lane,* a secured creditor had been granted relief from the automatic stay to foreclose on overencumbered property; the foreclosure sale was expected to generate large taxable gains. In addition to moving to abandon the property prior to the foreclosure sale, the trustee requested a declaration that title to the property would follow the consequences of abandonment; the debtor, in turn, requested a declaration of tax liability as between the debtor and the estate. Both requests were granted. The debtor opposed abandonment on the grounds that the statutory requirements of § 554(a) had not been met, and even if they had been, the abandonment was improper because it would destroy the debtor's opportunity for a fresh start.

The court specifically rejected the trustee's argument that the property was of inconsequential value and benefit to the estate; thus, the trustee had to rely on the "burdensome" prong of § 554(a). The bankruptcy court also rejected the trustee's argument that the property was "burdensome" because, if sold pursuant to foreclosure while still within the estate, the estate would realize a large tax liability; rather, the court held that abandonment of overencumbered property was a "sale or exchange" of property giving rise to tax liability within the meaning of 26 U.S.C. § 1001(a); that a transfer of property already the "subject of a sales transaction" to another for the sole purpose of having the other party taxed on the sale was ineffective to shift the tax consequences under *Court Holding Co.;* and that the abandonment did not come within the reach of 26 U.S.C. § 1398(f)(2).[2] Thus, *Lane*'s discussion

---

2. Section 1398(f)(2) states:

*Transfer from estate to debtor not treated as disposition.* In the case of a termination of the

of tax consequences had to do with whether the property was burdensome to the estate, and its discussion is not pertinent to the question of whether tax consequences to the debtor may properly be taken into account if the statutory requirement that the property is otherwise of inconsequential value and benefit to the estate is met.

The Johnstons also rely on *Lane*'s suggestion that abandonment would burden the debtor's fresh start, since it might shift the tax liability to the debtor while the estate retained use of the debtor's ameliorative tax attributes until termination of the estate. In certain situations there may be some tension between the purpose of § 554(a), which is to permit the trustee to abandon property that consumes the resources and drains the income of the estate, *In re Smith–Douglass, Inc.*, 856 F.2d 12, 16 (4th Cir.1988), and the fresh start policy. We begin with the language of § 554(a). *Pennsylvania Dept. of Public Welfare v. Davenport*, 495 U.S. 552, 557–58, 110 S.Ct. 2126, 2130–31, 109 L.Ed.2d 588 (1990). Impact on the debtor is not listed as one of the factors to be considered in authorizing abandonment, which suggests that impact on the debtor is not a necessary consideration. This makes sense in the context of the Bankruptcy Code as a whole. *Beno v. Shalala*, 30 F.3d 1057, 1068 (9th Cir.1994). The Code does not allow "fresh start" relief from a significant portion of the debtor's income taxes—those giving rise to priority tax claims under 11 U.S.C. § 507(a)(7). A Chapter 11 plan may not be approved over the IRS's objection unless it provides for full payment of these priority tax claims. 11 U.S.C. § 1129(a)(9)(C). Such tax liabilities are not dischargeable. 11 U.S.C. § 523(a)(1)(A). Finally, neither gain nor loss is to be recognized on nonsale transfers from estate to debtor unless the Tax Code specifies otherwise. 11 U.S.C. § 346(a), (g). These provisions are not consonant with the notion that Congress intended to bar debtor taxation on such transfers as a matter of Bankruptcy Code policy.

Thus, even if abandonment of El Granada will one day produce adverse tax consequences for the Johnstons,[3] the bankruptcy court was not required to consider those consequences prior to authorizing the abandonment. Accordingly, because the property was of inconsequential value and benefit to the estate, the bankruptcy court did not abuse its discretion in authorizing the abandonment of El Granada.

AFFIRMED.

---

estate, a transfer (other than by sale or exchange) of an asset from the estate to the debtor shall not be treated as a disposition for purposes of any provision of this title assigning tax consequences to a disposition, and the debtor shall be treated as the estate would be treated with respect to such asset.

26 U.S.C. § 1398(f)(2).

**3.** We express no opinion on the tax consequences of the abandonment to the estate or the Johnstons.