In re Billy L. HOPPER, Debtor.

Billy L. Hopper, Appellant,

v.

Kathryn Hopper, Appellee.

BAP No. 98–6052EA.

United States Bankruptcy Appellate Panel of the Eighth Circuit.

Submitted Dec. 7, 1998.

Filed Jan. 12, 1999.

Billy L. Hopper, Mountain View, AR, pro se.

Sharon P. Glaze, Batesville, AR, for appellee.

Before KOGER, Chief Judge, KRESSEL, and SCHERMER, Bankruptcy Judges.

SCHERMER, Bankruptcy Judge.

Billy L. Hopper appeals a bankruptcy court [1] decision which held certain claims of Kathryn Hopper, his former spouse, nondischargeable under 11 U.S.C. §§ 523(a)(5) and (15). On appeal, Mr. Hopper asserts that the bankruptcy judge erred in proceeding with the hearing and entering judgment in his absence, and he argues that the court should have granted him a continuance. We affirm.

### STANDARD OF REVIEW

We review the bankruptcy court's decision regarding the grant of continuance and the decision to proceed with a scheduled hearing in the absence of the defendant under an abuse of discretion standard. *United States v. Young*, 943 F.2d 24, 25 (8th Cir. 1991). The trial court has broad discretion on the issue of continuances, *United States v. Ware*, 890 F.2d 1008, 1010 (8th Cir.1989) (*citing Morris v. Slappy*, 461 U.S. 1, 11, 103 S.Ct. 1610, 1616, 75 L.Ed.2d 610 (1983)), and

---

**1.** The Honorable James G. Mixon, Chief Judge, United States Bankruptcy Judge for the Eastern District of Arkansas.

a court on appeal should not overturn a trial court's denial of a continuance unless the trial court clearly has abused its discretion. *United States v. Weisman*, 858 F.2d 389, 391 (8th Cir.1988). An abuse of discretion may only be found if the lower court's judgment was based upon clearly erroneous factual findings or erroneous legal conclusions. *Kieffer v. Riske (In re Kieffer–Mickes, Inc.)*, 226 B.R. 204 (8th Cir. BAP 1998). Under an abuse of discretion standard, this court cannot reverse the bankruptcy court's ruling unless it has a definite and firm conviction that the bankruptcy court committed a clear error of judgment in the conclusion it reached upon a weighing of the relevant factors. *Nelson v. Siouxland Fed. Credit Union (In re Nelson)*, 223 B.R. 349, 352 (8th Cir. BAP 1998).

## FACTS

Kathryn Hopper filed her complaint under 11 U.S.C. §§ 523(a)(5) and (15) in Billy Hopper's Chapter 7 case. While Mr. Hopper was served with the complaint on August 22, 1997, he did not file an answer until January 26, 1998. He did so following the filing of a Motion for Default Judgment but without obtaining an extension of time to file his answer and without seeking or receiving leave to file his answer. Upon notice to the parties, the bankruptcy court scheduled a status hearing on March 3, 1998, which was attended by both Mr. and Ms. Hopper.

On May 4, 1998, the bankruptcy court mailed a notice of hearing on Ms. Hopper's Motion for Default Judgment which set the motion for June 2, 1998. Three days later, on May 8, 1998, Mr. Hopper filed his Motion to Continue the June 2, 1998 hearing based upon three grounds:

1) He was unable to retain counsel (which the court admonished him to do at the March 3rd hearing);

2) He had been hospitalized twice subsequent to the March 3rd hearing; and

3) He had filed pleadings in the state chancery court to set aside the 1995 judgment which formed the basis of Ms. Hopper's claim in bankruptcy.

By order, the bankruptcy judge denied Mr. Hopper's request for continuance.

On June 2, 1998, the bankruptcy judge held the scheduled hearing on Ms. Hopper's Motion for Default Judgment. Ms. Hopper attended the hearing but not Mr. Hopper. Testimony was adduced, and the court entered judgment for Ms. Hopper "By Default," finding her claim against Mr. Hopper was non-dischargeable.

Mr. Hopper timely filed his notice of appeal and also filed a Motion to Vacate or Set Aside the court order finding Ms. Hopper's debt non-dischargeable. At a hearing on Mr. Hopper's motion, the bankruptcy judge specifically found that a letter from Mr. Hopper's doctor, Thomas O. Wood, M.D., dated May 29, 1998, was not filed with the court until June 25, 1998 (as part of Mr. Hopper's Motion to Vacate or Set Aside). Contrary to Mr. Hopper's contention that he was hospitalized on June 2, 1998, the bankruptcy judge found that Dr. Wood's letter "[did] not reflect that you were in the hospital having an eye transplant on June 2nd. . . . "

## DISCUSSION

 Simply stated, Mr. Hopper contends that the default judgment entered against him was not warranted. This court disagrees. It is within the sound discretion of the trial court to manage its docket, and the court must do so consistent with the court's "authority to . . . offer prompt and efficient administration of justice." *United States v. Holden*, 963 F.2d 1114, 1115 (8th Cir.1992). "Continuances are not favored and should be granted only when a compelling reason has been shown." *Weisman*, 858 F.2d at 391 (*citing Morris*, 461 U.S. at 11–12, 103 S.Ct. 1610). The Eighth Circuit has articulated five factors to be examined by trial courts when exercising discretion concerning continuances. Those factors include:

1) the nature of the case and whether the parties have been allowed adequate time for trial preparation;

2) the diligence of the moving party;

3) the conduct of the opposing party and whether a lack of cooperation has contributed to the need for continuance;

4) the effect of the continuance and whether delay will seriously disadvantage either party; and

5) the asserted reasons for the continuance.

*United States v. Larson,* 760 F.2d 852, 856–57 (8th Cir.1985) (*quoting United States v. Bernhardt,* 642 F.2d 251, 252 (8th Cir.1981)). *See United States v. Ware,* 890 F.2d 1008, 1010 (8th Cir.1989).

 Our review of the record convinces us that the bankruptcy court properly found no "compelling reason" to grant Mr. Hopper's request for continuance. The bankruptcy judge held a status conference on March 3, 1998, and issued its notice for the June 2, 1998 hearing on May 4, 1998. Mr. Hopper's Motion for Continuance filed May 8, 1998, did not state he would be unavailable on June 2, 1998. It was not until after that hearing, on June 25, 1998, that the court was first informed by Mr. Hopper of his whereabouts on June 2nd, and the bankruptcy judge found that Mr. Hopper's doctor's letter did *not* support his assertions of surgery on that date. The record simply reflects no factual basis for this court to conclude that the trial judge abused his discretion or had any factual basis, whatsoever, to continue the June 2, 1998 hearing.

In reviewing the *Larson* factors, we find that Mr. Hopper knew about the upcoming hearing date; had been afforded adequate time since August of 1997 when the adversary complaint was first filed to prepare for trial; and was not diligent in timely answering the complaint nor in timely seeking counsel after being so admonished in March of 1998. He also failed to timely support his motion for continuance, and there is no evidence that conduct by Ms. Hopper contributed in any way to his need for a continuance. The record contains no evidence that unforeseen circumstances or exigencies were brought to the court's attention to justify the request for continuance. Rather, the record reflects that Mr. Hopper simply chose not to appear on June 2, 1998. The bankruptcy court, accordingly, did not err in refusing to grant Mr. Hopper's request for continuance.

Finally, while the bankruptcy court titled its order "Judgment by Default," the transcript of the hearing demonstrates that testimony of Ms. Hopper was taken, elements of her case were presented, and had Mr. Hopper appeared, he would have had a full opportunity to conduct cross examination. The June 2, 1998 hearing was, therefore, a hearing on the merits. As a result of the foregoing, the decision of the bankruptcy court of June 9, 1998, is affirmed.