# United States Bankruptcy Appellate Panel
## FOR THE EIGHTH CIRCUIT

---

No. 00-6022 ND

---

In re:                                    *
                                          *
Dean Nelson and Sharon Nelson,            *
                                          *
        Debtors.                          *
                                          *
Kip M. Kaler,                             *        Appeal from the United States
                                          *        Bankruptcy Court for the
        Trustee-Appellant,                *        District of North Dakota
                                          *
        v.                                *
                                          *
Dean Nelson and Sharon Nelson,            *
                                          *
        Debtors-Appellees.                *

---

Submitted: June 30, 2000
Filed: August 17, 2000

---

Before KRESSEL, SCHERMER and FEDERMAN [1], Bankruptcy Judges

SCHERMER, Bankruptcy Judge

---

[1]The Honorable Arthur Federman, United States Bankruptcy Judge for the Western District of Missouri, sitting by designation.

The trustee, Kip M. Kaler ("Trustee"), appeals the bankruptcy court[2] order granting the motion of debtors Dean Nelson and Sharon Nelson ("Debtors") to compel the Trustee to abandon two parcels of real estate and denying the Trustee's motion for turnover of the two parcels. We have jurisdiction over this appeal from the final order of the bankruptcy court. See 28 U.S.C. § 158(b). For the reasons set forth below, we affirm.

ISSUE

The issue on appeal is whether the Trustee should be compelled to abandon two parcels of real estate pursuant to 11 U.S.C. §554(b) as either burdensome or of inconsequential value to the bankruptcy estate. We conclude that the bankruptcy court did not err when it ordered the Trustee to abandon the property.

BACKGROUND

On June 21, 1999, the Debtors filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code. In their schedule of real property filed with the bankruptcy court, the Debtors listed two parcels of property. One tract consists of approximately 75 acres and includes tillable farmland as well as a dwelling and various outbuildings. The Debtors reside on that tract, although they did not declare a homestead exemption therein. The second tract consists of tillable farmland.

The improved tract has a fair market value of $104,000 and is encumbered by outstanding debts of $195,883. The unimproved tract has a fair market value of $77,000 and is encumbered by debts totaling $263,000.

Each tract is encumbered by mortgages in favor of the Red River State Bank and the Farm Service Agency. Red River State Bank and the Farm Service Agency have assignment of rents clauses with respect to each tract. As of the date of the hearing, the obligations to Red River State Bank were current, the obligations to the Farm Service Agency were past due, and real estate taxes on each tract had not been

_____

[2]The Honorable William A. Hill, United States Bankruptcy Judge for the District of North Dakota.

2

paid since 1997. Neither creditor had initiated a foreclosure proceeding with respect to either tract nor had either exercised their assignment of rents clauses.

In 1999, prior to filing their bankruptcy petition, the Debtors leased the tillable acreage on the improved tract for $3,315 annually and the tillable acreage on the unimproved tract for $7,080 annually. All rents received by the Debtors on account of the 1999 leases were used to make mortgage payments to Red River Sate Bank. Neither property was leased in 2000.

The Debtors spend approximately $230 per month to heat the dwelling on the improved tract, $400 per month on electricity, and $1,690 annually on property and liability insurance for the tract.

The Trustee filed his motion seeking a turnover of the two parcels of property from the Debtors to the Trustee. In response, the Debtors filed their motion requesting the bankruptcy court to compel the Trustee to abandon the parcels. After a hearing, the bankruptcy court concluded that the two parcels would be of inconsequential value or benefit to the bankruptcy estate and, accordingly, ordered the Trustee to abandon the property to the Debtors.

## STANDARD OF REVIEW

We review the bankruptcy court's factual findings for clear error and its conclusions of law de novo. Fed. R. Bankr. P. 8013; Jensen v. Dietz, (In re Sholdan), 2000 WL 822112, at *2 (8th Cir. 2000). Where the bankruptcy court has determined that the factual predicates for abandonment are present, we review the court's decision and reverse only in the case of an abuse of discretion. Johnston v. Webster (In re Johnston), 49 F.3d 538, 540 (9th Cir. 1995). See also Miller v. Generale Bank Nederland, N.V. (In re Interpictures, Inc.), 217 F.3d 74 (2nd Cir. 2000)(order resolving motion to compel abandonment is reviewed under abuse of discretion standard). An abuse of discretion may only be found if the lower court's judgment was based upon clearly erroneous factual findings or erroneous legal conclusions. Innovative Home Health Care, Inc. v. P.T.-O.T. Associates of the Black Hills, 141 F.3d 1284, 1286 (8th Cir. 1998); Mathenia v. Delo, 99 F.3d 1476, 1480 (8th Cir. 1996), cert denied 521 U.S. 1123 (1997); Hopper v. Hopper (In re Hopper), 228 B.R. 216, 218 (B.A.P. 8th Cir. 1999); Barger v,. Hayes County Non-stock Co-op (In re Barger), 219 B.R. 238 (B.A.P. 8th Cir. 1998). Under an abuse of discretion standard, this court will not reverse without a definite and firm conviction that the bankruptcy court committed a clear error of judgment in weighing the relevant factors and in reaching its conclusion. Hopper

v. Hopper (In re Hopper), 228 B.R. 216, 218 (B.A.P. 8th Cir. 1999); Nelson v. Siouxland Federal Credit Union (In re Nelson), 223 B.R. 349, 352 (B.A.P. 8th Cir. 1998).

DISCUSSION

Pursuant to Section 554(b) of the Bankruptcy Code, on request of a party in interest and after notice and a hearing, the court may order the trustee to abandon property of the estate that is burdensome to the estate or that is of inconsequential value and benefit to the estate. The bankruptcy court determined that the two parcels of real estate were of inconsequential value or benefit to the estate. The bankruptcy court's determination is supported by the record and therefore will not be reversed.[3]

The Trustee argues that the two parcels have more than inconsequential value. The Trustee admits that the Debtors have no equity in the parcels and that a sale will not generate any benefit for the bankruptcy estate. However, the Trustee argues that the parcels have value as rental property. Additionally, he argues that the equity of redemption in the property provides another source of value for the estate.

The Trustee argues that the parcels can be rented and generate annual rental income for the estate of $13,000. Such rental value is more than "inconsequential" and therefore precludes a compelled abandonment of the parcels. The Trustee's argument is speculative at best. The Trustee did not demonstrate any effort to rent the parcels. Furthermore, Red River State Bank and the Farm Service Agency each have an assignment of rents clause with respect to each parcel which can be activated if a rental income stream is created. Therefore any benefit generated by a lease of the property will undoubtedly be swiftly captured by the secured creditors.[4] The court need not consider speculative factors

---

[3]Court ordered abandonment has been reversed only upon the demonstration of a clear benefit to the estate from the administration of the property. See, for example, Morgan v. K.C. Machine & Tool Co. (In re K.C. Machine & Tool Co.), 816 F.2d 238, 243 (6th Cir. 1987), where the Sixth Circuit Court of Appeals affirmed the district court opinion which reversed a bankruptcy court's order compelling a trustee to abandon property. The court found a demonstrated benefit to the estate in excess of $156,000 from the administration of the asset and, accordingly, determined that the abandonment order was in entered in error.

[4]Although neither secured creditor had activated its assignment of rents clause as of the date of the hearing before the bankruptcy court, Red River State Bank has since exercised its rights under its

when determining whether abandonment is appropriate under Section 554(b) of the Bankruptcy Code. Vu v. Kendall (In re Vu), 245 B.R. 644, 649 (B.A.P. 9th Cir. 2000).

The Trustee next argues that even if the assignment of rents clauses in favor of Red River State Bank and the Farm Service Agency are activated, the Trustee can still recover one year's worth of rent if a foreclosure sale occurs. North Dakota law provides for a one-year redemption period after a foreclosure sale. N.D. Cent. Code §28-24-02 (1999). During the redemption period, the owner of the property is entitled to the possession, rents, use, and benefit of the property sold from the date of sale until the expiration of the redemption period. N.D. Cent. Code §28-24-11 (1999). Therefore, according to the Trustee, in the event Red River State Bank forecloses on the parcels, the Trustee will have the opportunity to rent the parcels for the redemption period and recover for the bankruptcy estate the yearly rental value for the two parcels of $13,000.[5] Again, the Trustee's argument is tenuous, at best. While the above-described scenario may be possible, the Trustee presented no evidence that Red River State Bank has taken any steps to foreclose its interests in the parcels, nor that it has any intention of doing so in the future. Furthermore, the Trustee fails to consider the fact that the Farm Service Agency is not subject to the North Dakota redemption statute and, therefore, if it forecloses its interests in the property, the benefit of the redemption period will not be available.[6] This scenario is more likely to occur given the fact that the indebtedness to the Red River State Bank was current as of the hearing date while the indebtedness to the Farm Service Agency was in arrears.

---

assignment of rents clause. Therefore any rental stream generated at this time will inure to Red River State Bank's benefit and not to that of the bankruptcy estate. Furthermore, if the Trustee were to rent the parcels, the estate will incur, at a minimum, obligations for taxes on the property for which no funds will be available. Thus the property would not only provide no benefit to the estate, it would be burdensome.

[5]The Trustee's argument assumes that he can rent the property. The majority of the property is tillable farmland and therefore only has rental value if the Trustee can rent it for the entire growing season. If a foreclosure sale occurs during the growing season, it is extremely unlikely that the Trustee will be able to rent the property without the ability to assure a prospective tenant of the continued use and possession of the property until after harvest.

[6]As a courtesy, the North Dakota U.S. Attorney's Office provides a sixty-day redemption period. However, the North Dakota U.S. Attorney's Office is not bound to provide any redemption period. Furthermore, the rental value of tillable farmland for a sixty-day period is inconsequential at best.

The bankruptcy court's determination that the parcels are of inconsequential value to the estate is not clearly erroneous. The bankruptcy court cannot be expected to deny the Debtors' request to compel abandonment on the basis of a speculative scenario which may or may not occur in the future. Vu v. Kendall (In re Vu), 245 B.R. 644, 649 (B.A.P. 9th Cir. 2000). Otherwise, trustees could certainly invent a scenario under which virtually all property could become valuable in the future and thereby defeat any motion to compel abandonment. The bankruptcy court cannot gaze into a crystal ball and see the future. It can only consider the evidence before it. In this instance, no concrete evidence of value to the estate was presented and, therefore, the bankruptcy court did not abuse its discretion in compelling the Trustee to abandon the parcels.

CONCLUSION

The bankruptcy court properly determined that the Debtor's two parcels of real estate were of inconsequential value or benefit to the estate. Furthermore, the bankruptcy court did not abuse its discretion in ordering the trustee to abandon such property. Consequently, the court's order directing the Trustee to abandon the parcels of real property pursuant to Section 554(b) of the Bankruptcy Code is affirmed.

A true copy.

Attest:

CLERK, U.S. BANKRUPTCY APPELLATE PANEL FOR THE
EIGHTH CIRCUIT