# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 07-3791

_____

United States of America,    *
                             *
        Plaintiff – Appellee, *
                             *    Appeal from the United States
v.                           *    District Court for the
                             *    Eastern District of Missouri.
Jay Scott Patterson,         *
                             *    [UNPUBLISHED]
        Defendant – Appellant. *

_____

Submitted: September 23, 2008
Filed: October 1, 2008

_____

Before MURPHY, ARNOLD, and BENTON, Circuit Judges.

_____

PER CURIAM.

Jay Scott Patterson was convicted by a jury of possession of an unregistered firearm silencer, 21 U.S.C. § 5861(d), possession of pseudoephedrine with intent to manufacture, id. § 841(c), and possession of methamphetamine with intent to distribute, id. § 841(a)(1). He appeals, claiming that he did not voluntarily consent to the search of his home, that the district court[1] should have granted his motion for

_____

[1]The Honorable Henry E. Autrey, United States District Court for the Eastern District of Missouri.

a continuance, and that the evidence was insufficient to support his conviction. We affirm.

Patterson contends that he did not voluntarily consent to the search and that the court erred in denying his motion to suppress. We review the denial of a motion to suppress de novo, but review the district court's underlying factual determinations for clear error. United States v. Martinez, 358 F.3d 1005, 1008 (8th Cir. 2004). To determine whether consent is voluntary we consider "the totality of the circumstances, including characteristics of the accused and details of the interrogation." United States v. Luna, 368 F.3d 876, 878 (8th Cir. 2004). Law enforcement officers sought permission to search Patterson's home and interpreted from his gesture that he had granted consent. In the home the officers saw evidence of methamphetamine production in plain view. Patterson was arrested and a search warrant obtained, after which the officers discovered more evidence of methamphetamine production, several firearms, and a silencer. Patterson argues that his consent to enter was coerced because a number of officers had come to his door, others had set up a perimeter around his house, and he was unaware of his rights. These arguments differ from those made to the district court, however, where Patterson argued that he withdrew his consent after the officers were already in his house. We conclude the district court did not clearly err in finding that Patterson voluntarily consented to the entry of the officers.

Patterson argues that the district court erred in denying his motion for a continuance after his final witness, Donna Johnson, became unavailable due to illness. We will not overturn a district court's denial of a continuance absent a clear abuse of discretion. See United States v. Young, 943 F.2d 24, 25 (8th Cir. 1991). Here, the district court had already granted one continuance for Johnson to testify, and it found that her testimony would be cumulative and would not rehabilitate another defense witness. We conclude that the district court did not abuse its discretion in denying the continuance.

Finally, Patterson contends that the court erred in denying his motion for judgment of acquittal. A judgment of acquittal is required if the evidence is insufficient to sustain a conviction. Fed. R. Civ. P. 29(a). We review challenges to the sufficiency of the evidence de novo, viewing the evidence in the light most favorable to the government and accepting all reasonable inferences in favor of the verdict. United States v. Garcia, 521 F.3d 898, 901 (8th Cir. 2008). Patterson argues that because the evidence showed that his ex girlfriend Laura Baston had access to the residence, and could have introduced items into the home, the government had not proved beyond a reasonable doubt that Patterson knowingly possessed the silencer and drug related evidence. We conclude that the government introduced sufficient evidence to support a jury determination that Patterson knew about the materials in his house, and to sustain the guilty verdict on all three counts.

The judgment of the district court is affirmed.

_____