**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| In re: SCHWARZ PUBLISHING, INC., DBA San Diego Jewish Times, <br><br> Debtor. <br>_____ <br><br> HAIDEE JOY, <br><br> Appellant, <br><br>  v. <br><br> GERALD H. DAVIS, Chapter 7 Trustee, and SCHWARZ PUBLISHING, INC., <br><br> Appellees. | No. 09-60036 <br><br> BAP No. 09-1032-PaRMo <br><br> MEMORANDUM[*] |

Appeal from the Ninth Circuit
Bankruptcy Appellate Panel
Pappas, Riegle, and Montali, Bankruptcy Judges, Presiding

Submitted September 13, 2010[**]

Before:     SILVERMAN, CALLAHAN, and N.R. SMITH, Circuit Judges.

_____

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Haidee Joy appeals pro se from the judgment of the Bankruptcy Appellate Panel ("BAP") affirming the bankruptcy court's order approving the Chapter 7 trustee's settlement of a potential preference claim against Michael J. Schwarz and allowing the abandonment of the debtor company's records. We have jurisdiction pursuant to 28 U.S.C. § 158(d). We review the bankruptcy court's decision independently, *State Bar v. Findley (In re Findley)*, 593 F.3d 1048, 1049 (9th Cir. 2010), and we affirm.

Contrary to Joy's contention, the bankruptcy court did not abuse its discretion by approving the settlement because the facts in the record establish that the compromise was fair, reasonable, equitable, and adequate. *See Martin v. Kane (In re A & C Props.)*, 784 F.2d 1377, 1380-81 (9th Cir. 1986) (explaining the standard for the bankruptcy court's approval of a compromise).

In addition, the bankruptcy court did not abuse its discretion by allowing the trustee to abandon certain business records because their storage was burdensome to the estate and they were of inconsequential value, especially considering that the trustee made copies of the documents that are necessary to the administration of the estate and gave Joy an opportunity to examine the records prior to abandonment. *See* 11 U.S.C. § 554(a); *Johnston v. Webster (In re Johnston)*, 49 F.3d 538, 540 (9th Cir. 1995) (explaining that § 554(a) permits abandonment upon

a showing that the property is of inconsequential value or is burdensome to the estate).

We do not consider the issues that Joy failed to raise in the bankruptcy court, including her employment classification with the debtor company and the administration of the company's pension plan. *See* 28 U.S.C. § 158(d)(1); 28 U.S.C. § 1291; *Smith v. Marsh*, 194 F.3d 1045, 1052 n.5 (9th Cir. 1999).

Joy's request to strike the trustee's answering brief is denied.

**AFFIRMED.**