FILED

**NOT FOR PUBLICATION**

DEC 17 2015

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| In the Matter of: IMAGING3, INC., Debtor, _____ JOHN M. VUKSICH, Appellant, v. IMAGING3, INC., Appellee. | No. 13-56695 D.C. No. 2:13-cv-05414-BRO MEMORANDUM[*] |
| In the Matter of: IMAGING3, INC., Debtor, _____ JOHN M. VUKSICH, Appellant, v. IMAGING3, INC., | No. 14-55466 D.C. No. 2:13-cv-05443-BRO |

\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Appellee.

In the Matter of: IMAGING3, INC.,

Debtor,

No. 14-55499

D.C. No. 2:13-cv-04879-BRO

JOHN M. VUKSICH,

Appellant,

v.

IMAGING3, INC.,

Appellee.

In the Matter of: IMAGING3, INC.,

Debtor,

No. 14-55521

D.C. No. 2:13-cv-05484-BRO

JOHN M. VUKSICH,

Appellant,

v.

IMAGING3, INC.,

Appellee.

2

Appeals from the United States District Court
for the Central District of California
Beverly Reid O'Connell and R. Gary Klausner, District Judges, Presiding

Argued and Submitted December 9, 2015
Pasadena, California

Before: TASHIMA, CALLAHAN, and HURWITZ, Circuit Judges.

Plaintiff-Appellant John M. Vuksich ("Vuksich") appeals various rulings by the bankruptcy court and the district court concerning the bankruptcy petition filed by Imaging3, Inc. ("Imaging3"), a California corporation, in which Vuksich was a shareholder. We have jurisdiction under 28 U.S.C. § 158(d), and we affirm.[1]

1. The bankruptcy court had jurisdiction to consider Imaging3's bankruptcy petition. Imaging3's failure to hold an annual meeting at the required time did not divest the board of authority to act on behalf of the corporation. Although shareholders may obtain a court order to hold the annual meeting under California Corporations Code § 600(c), the mere filing of Vuksich's derivative suit did not deprive the board of the authority to add a fourth member in order to reach a quorum. Moreover, the other board members continued to hold office because

---

[1]Vuksich's motion for judicial notice in Case No. 13-56695 is DENIED AS MOOT, as the pleading for which Vuksich seeks judicial notice is already included in Vuksich's excerpts of record. Vuksich's motions for judicial notice filed in Case Nos. 14-55466 and 14-55521 are DENIED.

no replacements had been elected and qualified. *See* Cal. Corp. Code § 301(b). Thus the board had authority to file the bankruptcy petition.

2. Vuksich's challenge to the district court's dismissals of Vuksich's appeals of the denial of his motion to dismiss is moot, because, in his subsequent appeals, Vuksich was able to raise the main argument in his motion to dismiss – that the bankruptcy court lacked jurisdiction because the Imaging3 board lacked authority to file for bankruptcy.[2]

3. Vuksich's notices of appeal did not divest the bankruptcy court of jurisdiction to proceed with the case. "If a party wants to stay all of the proceedings in bankruptcy court while an appeal is pending, it must file a motion for a stay." *Sherman v. SEC (In re Sherman)*, 491 F.3d 948, 967 (9th Cir. 2007) (citations omitted). A litigant cannot automatically stay bankruptcy proceedings by filing an attack on the bankruptcy court's jurisdiction and appealing the denial of that motion.

---

[2]Vuksich raised other issues in his motion to dismiss but on appeal relies virtually entirely on his lack of jurisdiction argument. Even assuming Vuksich preserved his argument that the bankruptcy petition was filed in bad faith, the district court did not err in denying the motion to dismiss. Vuksich has not shown that, as a matter of law, Imaging3's petition was a "clear abuse of the bankruptcy process." *See Idaho Dep't of Lands v. Arnold (In re Arnold)*, 806 F.2d 937, 939 (9th Cir. 1986).

4

4.      The bankruptcy court's disallowance of Vuksich's claims for stock loss and legal fees did not violate the rule announced in *Stern v. Marshall*, 131 S. Ct. 2594 (2011). Allowance and disallowance of claims against an estate are specifically listed as "core" proceedings under 28 U.S.C. § 157. Moreover, in contrast to the debtor's state law counterclaim against a creditor in *Stern*, Vuksich's claims for "stock loss" and "attorney's fees" were claims directly against the bankruptcy estate. By filing proofs of claim, Vuksich invoked the bankruptcy court's jurisdiction.

5.      The bankruptcy court did not err in disallowing Vuksich's claims for stock loss and legal fees. The claims in Vuksich's state court litigation do not allege that Vuksich suffered an injury distinct from that suffered by other shareholders, and none of his claims would allow him to recover any damages directly. Thus the bankruptcy court properly found that the claims belonged to the corporation, not Vuksich directly, *see Grosset v. Wenaas*, 42 Cal. 4th 1100, 1108 (2008), and he therefore had no "right to payment" under 11 U.S.C. § 101(5)(A) for his stock loss.

Vuksich also has not shown that he was entitled to fees under the substantial benefit doctrine or under California Corporations Code § 711(j). Vuksich has not established the required causal connection between his suit and the purported

benefit he conferred on Imaging3. *See Westside Cmty. for Indep. Living, Inc. v. Obledo*, 33 Cal. 3d 348, 353 (1983). Nor has he shown that he has met the requirements for an award of fees under California Corporations Code § 711(j), because the state court litigation was not an action to enforce § 711's voting records requirements and Vuksich has not shown that the defendants in that action willfully violated § 711.

6. Vuksich's petition for writ of mandamus did not disqualify the district judge from considering his appeals under 28 U.S.C. § 47. Vuksich's appeals to the district court did not, and could not, concern the district court's denial of mandamus, but rather, the bankruptcy court's rulings about jurisdiction. Vuksich provides no authority in support of his contention that once an appellate court decides that a lower court has jurisdiction, that appellate court is recused from hearing any merits appeals.[3]

7. The district court did not abuse its discretion in denying Vuksich's motion for judicial notice in connection with his appeal of the confirmation of Imaging3's reorganization plan ("the Plan"). *See Ritter v. Hughes Aircraft Co.*, 58 F.3d 454, 458 (9th Cir. 1995). The recordings Vuksich sought to introduce were

---

[3]Because the district court did not err in denying Vuksich's motions to disqualify, his request that the appeals be remanded and assigned to another district judge under 28 U.S.C. § 47 is DENIED as moot.

6

not presented to the bankruptcy court, and the truth of the statements in those recordings is not "generally known" or "capable of accurate and ready determination" by reference to "sources whose accuracy cannot be reasonably questioned." *See* Fed. R. Evid. 201.

8.      The bankruptcy court did not err in confirming the Plan's injunction and exculpation provisions. The injunction provision provides what the bankruptcy code already provides to debtors exiting bankruptcy – discharge of their debts and liabilities. *See* 18 U.S.C. § 1141(d)(1)(A). Thus the injunction provision was not required to be in the Plan's Disclosure Statement under Federal Rule of Bankruptcy Procedure 3016(c). The injunction provision also does not release any creditors' claims against third parties. The state court litigation, as a derivative suit, is property of Imaging3, and the Confirmation Order provided that the claims in that litigation would be released and re-vested in reorganized Imaging3 upon confirmation. The bankruptcy court also did not clearly err in finding that Imaging3's reorganization required that its directors and agents be protected from liability for their actions in connection with the reorganization, given Imaging3's past history of litigation, especially from Vuksich himself.

9.      The bankruptcy court did not clearly err in valuing Imaging3. Given the evidence in the record, including the report, declarations, and testimony from

Imaging3's expert, the bankruptcy court's valuation of Imaging3 at $4.8 million was not illogical, implausible, or lacking support in inferences that may be drawn from facts in the record. *See United States v. Hinkson*, 585 F.3d 1247, 1261 (9th Cir. 2009) (en banc).

10. The bankruptcy court did not err in confirming the Plan notwithstanding Vuksich's arguments regarding the Gemini and Lee Lenders claims. Vuksich appears to concede that no one objected to these claims, including Vuksich, and he provides no authority stating that the bankruptcy court was required to independently investigate claims for which there were no objections. *See* 11 U.S.C. § 502(a). Vuksich does not cite any order of the court stripping him of standing. Nor does he provide sufficient evidence to show that these lenders were colluding with Imaging3 when they made secured loans to the company.

11. The district court did not err by failing to address Vuksich's claims that 1) there was a material inconsistency between the Plan and the Disclosure Statement and 2) Imaging3 improperly issued new stock without court approval. Vuksich first raised these issues in his reply brief before the district court, and thus the district court did not err in failing to address them. *See Image Tech. Serv., Inc. v. Eastman Kodak Co.*, 136 F.3d 1354, 1356–57 (9th Cir. 1998) (stating that an

appellate court will not consider a new issue raised for the first time in the reply brief).

12. The bankruptcy court did not abuse its discretion in denying Vuksich's Motion to Abandon Claims. *See Johnston v. Webster (In re Johnston)*, 49 F.3d 538, 540 (9th Cir. 1995). The bankruptcy court did not abuse its discretion in finding that Vuksich did not meet his burden of showing that the claims in the state court litigation were "of inconsequential value and benefit to the estate" under 11 U.S.C. § 554. Moreover, because the derivative suit sought only equitable relief related to the pre-petition company, it is now moot.

In each of these appeals, the district court is **AFFIRMED**.