NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

FEB 5 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MARK LOUIS NEBEL; AMY LEE NEBEL, <br><br>               Plaintiffs-Appellants, <br><br>    v. <br><br> LAWRENCE J. WARFIELD, Chapter 7 Trustee, <br><br>               Defendant-Appellee. | No.    17-16350 <br><br> D.C. No. 3:16-cv-08240-GMS <br><br><br> MEMORANDUM* |

Appeal from the United States District Court
for the District of Arizona
G. Murray Snow, Chief Judge, Presiding

Submitted February 4, 2019**
Phoenix, Arizona

Before:  HAWKINS, M. SMITH, and HURWITZ, Circuit Judges.

Before filing a Chapter 7 petition, Mark and Amy Nebel paid the fees for their

daughter to attend an out-of-state ballet camp and bought airline tickets for her.  The

daughter attended the camp post-filing.  The bankruptcy court ordered the Nebels to

---

\*        This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*       The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

reimburse the estate the amount paid for the camp tuition and tickets. The court also ordered turnover of 25% of any salary subsequently received by the Nebels from their employer for paid time off ("PTO") accrued as of the date of filing. The district court affirmed the turnover order. We have jurisdiction of the Nebels' appeal of the district court order under 28 U.S.C. § 158(d)(1) and affirm.

1. The Nebels do not dispute on appeal that their contractual interests in the tuition for the camp and airline tickets are property of the Chapter 7 estate. They argue instead that because the tuition payment and airline tickets are non-refundable and cannot be liquidated, they are of inconsequential value to the estate. But, the absence of a third-party buyer for an estate asset does not establish that it has no value. *See Nichols v. Birdsell*, 491 F.3d 987, 990 (9th Cir. 2007) (involving non-transferable tax credits). Because the assets at issue in this case were in fact used by the Nebels post-petition, the bankruptcy court did not err in treating their value as the amount the Nebels paid for them. *See Stoumbos v. Kilimnik*, 988 F.2d 949, 956–57 (9th Cir. 1993).

2. The Nebels do not dispute that the accrued PTO payments are assets of the estate. *See In re Reyerson*, 739 F.2d 1423, 1425–426 (9th Cir. 1984) (holding that pre-petition employment benefits are property of the estate). Instead, they argue that the bankruptcy court should have ordered abandonment of these assets because their maximum value was $2,297. But, the Nebels did not seek abandonment below. Nor

2

is abandonment mandated because collection of the assets might involve reopening of the estate. The decision whether to order abandonment is left to the sound discretion of the bankruptcy court. *See Johnston v. Webster*, 49 F.3d 538, 540 (9th Cir. 1995). The court did not abuse that discretion here, as collection of the PTO, if received, would impose minimal costs on the estate.

**AFFIRMED**.