**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

AUG 8 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| In re: CONSOLIDATED NEVADA CORPORATION, <br><br> Debtor, <br><br> ------------------------------ <br><br> PAUL A. MORABITO; CONSOLIDATED NEVADA CORPORATION, <br><br> Appellants, <br><br> v. <br><br> JH, INC.; JERRY HERBST; BERRY-HINCKLEY INDUSTRIES; WILLIAM A. LEONARD, Jr., Chapter 7 Trustee, <br><br> Appellees. | No. 18-60002 <br><br> BAP No. 17-1210 <br><br> MEMORANDUM* |

Appeal from the Ninth Circuit
Bankruptcy Appellate Panel
Faris, Lafferty III, and Tighe, Bankruptcy Judges, Presiding

| | |
|---|---|
| In re: PAUL A. MORABITO, <br><br> Debtor, <br><br> ------------------------------ | No. 18-60003 <br><br> BAP No. 17-1211 |

* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

PAUL A. MORABITO; CONSOLIDATED
NEVADA CORPORATION,

Appellants,

v.

JH, INC.; JERRY HERBST; BERRY-
HINCKLEY INDUSTRIES; WILLIAM A.
LEONARD, Chapter 7 Trustee,

Appellees.

Appeal from the Ninth Circuit
Bankruptcy Appellate Panel
Tighe, Faris, and Lafferty III, Bankruptcy Judges, Presiding

In re:  PAUL A. MORABITO,

Debtor,

------------------------------

PAUL A. MORABITO; CONSOLIDATED
NEVADA CORPORATION,

Appellants,

v.

JH, INC.; JERRY HERBST; BERRY-
HINCKLEY INDUSTRIES; WILLIAM A.
LEONARD, Jr., Chapter 7 Trustee,

Appellees.

No.    18-60064

BAP No. 17-1304

Appeal from the Ninth Circuit

Bankruptcy Appellate Panel
Taylor, Brand, and Kurtz, Bankruptcy Judges, Presiding

Argued and Submitted May 15, 2019
Resubmitted August 2, 2019
San Francisco, California

Before: WALLACE, IKUTA, and CHRISTEN, Circuit Judges.

Appellants are debtors in a Chapter 7 bankruptcy proceeding. They filed various fraud claims in Nevada state court, and the case was removed to the District of Nevada bankruptcy court. There, appellants moved for derivative standing or, alternatively, to compel the bankruptcy trustee to abandon the fraud claims. The bankruptcy court denied the motion. Thereafter, the bankruptcy court denied appellants' motion to remand the case and authorized the trustee to dismiss the claims. Appellants appeal from these decisions. We review the bankruptcy court independently, without deference to the BAP. *In re Perl*, 811 F.3d 1120, 1124 (9th Cir. 2016). We have jurisdiction under 28 U.S.C. § 158(d), and we affirm.

I.

We deny appellees' motion to dismiss as moot the appeals from the order denying appellants' motion for derivative standing or to compel abandonment (Dkt. No. 14, 18-60002; Dkt. No. 14, 18-60003). The appeals are not constitutionally moot because a reversal in these appeals, combined with a reversal of the ultimate dismissal of the claims, would allow appellants to pursue the fraud

3

claims in state court. *See In re Thorpe Insulation Co.*, 677 F.3d 869, 880 (9th Cir. 2012) ("The test for [constitutional] mootness of an appeal is whether the appellate court can give the appellant any effective relief in the event that it decides the matter on the merits in his favor" (quoting *In re Burrell*, 415 F.3d 994, 998 (9th Cir. 2005)). We also reject the argument that appellants could not appeal from a notice of dismissal. *See Concha v. London*, 62 F.3d 1493, 1509 (9th Cir. 1995) (notice of dismissal with prejudice is appealable final judgment). We can review all earlier, non-final rulings which produced the final judgment, including the order denying the motion for derivative standing or to compel abandonment. *See Disabled Rights Action Comm. v. Las Vegas Events, Inc.*, 375 F.3d 861, 872 n.7 (9th Cir. 2004). We lack jurisdiction to review the bankruptcy court's denial of appellants' motion to remand the claims to state court. *See* 28 U.S.C. § 1452(b); *see also In re Lazar*, 237 F.3d 967, 982 (9th Cir. 2001).

These appeals are not equitably moot. *See In re Mortgages Ltd.*, 771 F.3d 1211, 1215 (9th Cir. 2014) ("An appeal is equitably moot if the case presents 'transactions that are so complex or difficult to unwind' such that 'debtors, creditors, and third parties are entitled to rely on [the] final bankruptcy court order'" (alteration in original) (quoting *Thorpe*, 677 F.3d at 880)). The dismissal of the fraud claims is not particularly complex or difficult to unwind, and no one has prejudicially relied on the dismissal. There has not been such a comprehensive

4

change in circumstances as to render it inequitable for us to consider the merits of the appeals. Moreover, failure to seek a stay of the underlying orders challenged here does not make the appeals equitably moot. Our cases deal with whether a failure to seek a stay can render an appeal from the *confirmation of a bankruptcy plan of reorganization* equitably moot. *See, e.g.*, *In re Roberts Farms, Inc.*, 652 F.2d 793, 798 (9th Cir. 1981). In such cases, the failure to seek a stay allows for substantial consummation of the bankruptcy plan of reorganization, affecting the rights of third parties and limiting the ability of the bankruptcy court to fashion "effective and equitable relief without completely knocking the props out from under the plan." *See, e.g.*, *Mortgages*, 771 F.3d at 1217. Here, the status quo was that appellants could not pursue claims on behalf of the estate, and the underlying bankruptcy court orders simply preserved the status quo.

## II.

The bankruptcy court did not err by denying appellants' motion for derivative standing to file estate claims or to compel the trustee to abandon the claims. A trustee is vested with the exclusive power to raise legal claims on behalf of the estate. *Estate of Spirtos v. One San Bernardino Cty. Superior Ct. Case Numbered SPR 02211*, 443 F.3d 1172, 1175 (9th Cir. 2006). Other parties may

pursue estate claims if the trustee consents, *id.* at 1175–76,[1] or abandons the claims, *see* 11 U.S.C. § 554(b) ("On request of a party in interest and after notice and a hearing, the [bankruptcy] court may order the trustee to abandon any property of the estate that is burdensome to the estate or that is of inconsequential value and benefit to the estate").

Appellants argue that the bankruptcy court erred by refusing to compel abandonment of the fraud claims. We disagree. We review the bankruptcy court's decision for abuse of discretion. *In re Johnston*, 49 F.3d 538, 540 (9th Cir. 1995). The bankruptcy court refused to order abandonment of the claims because it determined that the claims were "implausible and colorless" and that the estates' retention of such claims "is not burdensome and confers a value and benefit upon the estates by aiding the efficient and timely administration of the cases." In particular, the bankruptcy court was wary of appellants using the fraud claims as a means of harassment more than obtaining relief. The bankruptcy court explained how similar fraud issues were previously raised before the state court, but appellants were unable to support the claims. We conclude that the bankruptcy

---

[1] Because we conclude that the bankruptcy court did not err in denying appellants' motion for derivative standing under any standard, we need not decide whether a bankruptcy court has authority under section 105 to grant standing to bring the estate's claims to a party other than the trustee after *Law v. Siegel*, 571 U.S. 415, 420–21 (2014) ("It is hornbook law that § 105(a) does not allow the bankruptcy court to override explicit mandates of other sections of the Bankruptcy Code" (internal quotation marks omitted)).

6

court's decision was not illogical, implausible, or without support in the record. *See Pimentel v. Dreyfus*, 670 F.3d 1096, 1105 (9th Cir. 2012).

Appellants also argue that we should follow decisions in other circuits finding derivative standing for a non-trustee—such as a creditor or creditors' committee—to pursue estate claims where the trustee has unjustifiably refused to pursue a colorable claim that would benefit the estate. *See, e.g.*, *In re Smart World Techs.*, 423 F.3d 166, 176 (2d Cir. 2005). Even under this line of cases, appellants would not be entitled to derivative standing because the bankruptcy court did not err by determining that the fraud claims are neither plausible nor colorable.

III.

Because the bankruptcy court did not err in denying appellants' motion for derivative standing and the bankruptcy court did not abuse its discretion in concluding that dismissal of the claims added value to the estate, any alleged error as to the dismissal of the claims by the trustee would be harmless. *In re Warren*, 568 F.3d 1113, 1116 (9th Cir. 2009) (stating that we may affirm the bankruptcy court's decision on any ground fairly supported by the record). Moreover, because the bankruptcy court did not abuse its discretion in concluding the claims lacked merit and that dismissal added value to the estate, the trustee was not required to attempt to sell the claims to appellants. *See* 11 U.S.C. § 704(a)(1). To the extent that appellants argue they have standing to assert the fraud claims in their

individual capacities, the bankruptcy court explicitly declined to decide the issue:

> [T]he Court has not made a finding as to whether the Plaintiffs have independent standing apart from the estate to bring claims against the Defendants based upon the allegations of the Complaint.

**AFFIRMED.**[2]

---

[2] Appellees' motion to strike (Dkt. No. 15, 18-60002; Dkt. No. 15, 18-60003) is DENIED as moot.